## BLACK *v.* DRAKE et al.

PRINCIPAL AND AGENT — *authority of attorney to collect judgment.* An attorney at law, who is employed to prosecute a suit to judgment, has authority from his client, in virtue of such employment, to receive payment of such judgment.

CONTRACT — *by plaintiff's attorney relating to payment of judgment.* The plaintiff's attorney in a judgment at law contracted with the judgment debtor to receive and sell certain potatoes and apply the proceeds in satisfaction of the judgment : *held,*

1. That the plaintiff in the judgment was not bound by the contract.
2. That ratification by the plaintiff in the judgment would not make the contract his own.
3. That any money actually received by the attorney for potatoes sold under the contract should be credited on the judgment.
4. That the contract was properly received in connection with evidence tending to prove that the potatoes were sold, for the purpose of ascertaining the amount to be credited on the judgment.

NEW TRIAL — *verdict against evidence.* Where it clearly appears that the plaintiff is entitled to greater damages than were awarded, a new trial will be granted.

### *Error to District Court, Gilpin County.*

DEBT on an appeal bond against Lester Drake and Joseph F. Hall, the condition of which was as follows :

"The condition of the above obligation is such, that whereas the said Benjamin A. Black did, on the 11th day of July, 1866, before G. M. Nulett, justice of the peace, recover a judgment against the above bounden, Lester Drake, for the sum of $269 debt, together with costs of suit, from which judgment the said defendant hath taken an appeal to the district court, in and for the county of Gilpin aforesaid and territory of Colorado. Now, if the said Lester Drake shall prosecute his appeal with effect and shall pay whatever judgment may be rendered by the court, upon dismissal or trial of said appeal, then the above obligation to be void, otherwise to remain in full force and effect."

At the trial, defendants relied upon a contract of which the following is a copy :

" It is hereby agreed by and between Lester Drake of Gil-

pin county, Colorado, of the first part, and Lewis C. Rockwell of the same place, of the second part, witnesseth : That the said Lester Drake, for and in consideration of one dollar cash in hand paid, the receipt whereof is acknowledged, does agree as follows : " Said Drake agrees to deliver 11,000 pounds of good, merchantable potatoes, in the cellar opposite the post-office, in Central city, the same to be, when delivered, as collateral security for the payment of a certain judgment against said Drake, and in favor of Benjamin A Black, in full force and effect, in the district court, in and for said Gilpin county, and said potatoes are to be in the care and custody of said Rockwell, and are to be kept by said Rockwell until the 20th day of January next, 1868, unless the parties hereto agree to sell before that time, and when any or all of said potatoes are sold, the money received therefor is to be paid to said Rockwell and by him applied to the payment of said judgment, and the said Rockwell is to have and retain one-half of the rise on said potatoes over and above the said four cents per pound, the stipulated price for the same at this time, reasonable storage to be charged by said Rockwell to be taken out of the selling price of said potatoes when sold.

Dated CENTRAL, *October* 21, 1867.

(Signed)      LESTER DRAKE. ·
              LOUIS C. ROCKWELL.

From the record of plaintiff's judgment it appeared that Rockwell was plaintiff's attorney in the suit in which the appeal bond was given. Defendants also gave evidence tending to prove that Black, the plaintiff, was apprised of the making of this contract, and that he assented to it. Drake delivered, at the place named, some nine thousand pounds potatoes, a portion of which was sold by Rockwell, and another portion was lost through his negligence in the care of them. The plaintiff asked the court to instruct the jury that defendants were entitled to a credit of the amount received by Rockwell from the sale of the potatoes and no more, which the court declined to give. The court charged

that Rockwell had no authority, as attorney of the plaintiff, to receive property in satisfaction of the judgment, but if the potatoes received and sold by him were of a value equal to the plaintiff's judgment and costs, they should find for the defendants.

The jury found for the plaintiff. Debt $500, which was the penalty of the bond. Damages $88. There was judgment on the verdict.

Mr. L. C. ROCKWELL, for plaintiff in error.

Mr. H. M. TELLER, for defendants in error.

HALLETT, C. J. The action was upon an appeal bond given by defendants in error to plaintiff, to remove a cause from a justice of the peace into the district court. The defense was payment of the judgment rendered in the original suit, and the defendants relied upon a contract between Rockwell, the plaintiff's attorney, and Drake, the judgment defendant, under which a quantity of potatoes was delivered to Rockwell to be sold by him and the proceeds applied to the payment of the judgment. The agreement between Rockwell and Drake was, that the potatoes should be received and sold after a time specified, and the proceeds applied to the payment of the judgment, and no inference can be drawn from it that the potatoes were to be accepted in payment or satisfaction of the judgment. I have not overlooked the last clause of the instrument, in which four cents per pound is mentioned as the stipulated price for the potatoes at the time of making the contract, but this was with reference to the advance in price of which Rockwell was to receive one-half, and it was inserted apparently for the purpose of fixing his compensation. If accepted as evidence of a sale this clause would flatly contradict other portions of the agreement, and therefore such construction cannot be indulged. There is, therefore, no question presented as to the authority of Rockwell to receive payment or satisfaction of the judgment in property, for he did no

attempt to do any thing of that kind, and if the plaintiff approved the transaction, of which there is some evidence in the record, its character was not thereby changed. The approval of the plaintiff might show his willingness to accept the act of his attorney, but it could not change the nature of the act itself.

The question is, therefore, whether the agreement tended to prove payment of the judgment or any part of it in money, a defense which is, of course, effectual in an action of this kind; for the plaintiff can recover no more than is due on his judgment; and whether any and what sum is due is of the very essence of the controversy.

It will not be contended that the undertaking of Rockwell to receive and sell the potatoes was within his authority as attorney of plaintiff, nor did he assume to act as such attorney in that regard. The contract is in his own name, and he, nowhere throughout the instrument, claims to act as the representative of another. The plaintiff's name is not mentioned, except for the purpose of describing the judgment, nor is it signed to the instrument. Again adverting to the question of ratification it may be well to remark, that the contract was not one which the plaintiff could ratify. Not having been made in his name the plaintiff could not, without the consent of the parties to it, make the contract his own by any approval or assent that he might give. Story on Agency (7th ed.), 251, *a.* If, then, the contract was not performed by Rockwell, he alone was liable for the non-performance, and the plaintiff could not be charged with any default in respect to it. Whether the potatoes were properly cared for, or sold at the proper time, or at all, or for an adequate price, are questions arising between Rockwell and Drake, with which the plaintiff is in no way concerned. But the contract was, nevertheless, properly given to the jury in connection with evidence tending to prove that the potatoes were in fact sold by Rockwell, for thus it appeared that money belonging to the defendant Drake had come to his hands for the purpose of being applied to the payment of plaintiff's judgment. It

is conceded that Rockwell was plaintiff's attorney in the original suit, and as such he was authorized to receive the amount of the judgment for the plaintiff. *State for use, etc.*, v. *Hawkins*, 28 Wis. 366; *Nolan* v. *Jackson*, 16 Ill. 272.

In virtue of his employment as plaintiff's attorney he was not required to receive or sell defendant Drake's potatoes in order to raise money to pay off the judgment; but if he undertook to do so, the money received must be regarded as paid upon the judgment in the same manner as if it had been delivered to him by the defendant. The substantial fact is, that money, belonging to defendant Drake, passed to plaintiff's attorney in satisfaction of the judgment, and that being shown, it is not necessary to refer to the means by which it was obtained, except for the purpose of ascertaining the amount. For that purpose, however, it was important to refer to the contract, for the reason that the court and jury could never understand how the plaintiff was to be charged with money received by Rockwell from sales of potatoes, unless they knew from whom and upon what terms they were received. As a link in the chain of evidence to show what money had been paid upon the judgment, the contract was competent evidence although the plaintiff was not a party to it or bound by it. There is, however, an error in the assessment of damages, for which the judgment must be reversed. The amount to be credited upon the judgment in the original suit is that actually received by Rockwell, and this, upon the evidence in the record, would leave a balance due the plaintiff of more than $200. The jury returned but $88 damages, which is not according to the evidence, and, therefore, the motion for a new trial should have been allowed.

The judgment of the district court is reversed with costs, and the cause is remanded for a new trial.

*Reversed.*