The Chatham National Bank of New York, Appellant, *against* Oscar J. Hochstadter, Respondent.

(Decided January 12th, 1883.)

An attorney-at-law, employed to collect a claim, received in payment of it a check payable to the order of his client, to whom he sent the check, demanding at the same time a certain amount as his compensation, which the client refused, whereupon the attorney took away the check. After two or three times sending it to the client with the same demand, and taking it away upon a like refusal, the attorney endorsed the check in the name of the client, by himself as "attorney," and deposited it to his own credit in a bank in which he kept an account, from which he afterwards drew the money. *Held*, that such indorsement was without authority and fraudulent, and that the bank in which the check was deposited, having collected it from and afterwards refunded the amount of it to the bank on which it was drawn, might recover the amount from the attorney.

Appeal from a judgment of the General Term of the Marine Court of the City of New York, affirming a judgment of that court entered upon a dismissal of a complaint at a trial by the court without a jury.

The facts, as averred in the complaint and proved on the trial, were as follows: Defendant Hochstadter, as attorney-at-law, received from James R. Hills his check upon the Chemical National Bank for $120, dated May 1, 1878, payable to the order of George W. Bruce. This check was

given by Hills in payment of a claim held by Bruce against one Fairchild, an insolvent. The defendant Hochstadter received the check as attorney-at-law for Mr. Bruce in the collection of the claim, that is to say he drew up a statement of the claim, procured Mr. Bruce's proof to it, sent it to Hills, and got Hills' check to the order of Bruce. There was a dispute on the trial as to whether Bruce had employed him to act in this matter, but the complaint alleged that he was attorney-at-law for Bruce in receiving the check, and that fact is to be deemed established as far as this action is concerned.

Hochstadter claimed a commission of ten per cent. from Bruce for collecting the claim, and on receiving Hill's check as aforesaid, sent it to Bruce with a demand for $12. Bruce refused to pay, and defendant took away the check. It was sent to Bruce again with a similar demand two or three times, and taken away by defendant each time, as Bruce refused to pay his bill. Finally, after two weeks, defendant indorsed the check, " George W. Bruce, per Oscar J. Hochstadter, Atty.," and deposited it with the plaintiff, the Chatham National Bank, to the credit of the account of " A. McFadden, per Oscar J. Hochstadter, Atty.," an account kept in said bank by defendant. The amount of the check was credited to that account, and subsequently drawn out by defendant. The Chatham National Bank, in due course, collected the check from the Chemical National Bank, on which it was drawn by Hills, the maker. The Chemical Bank subsequently demanded back the amount of the check from the Chatham National Bank, on the ground of forged indorsement, and the latter having refunded the amount to the Chemical Bank, and having demanded it from defendant, brought this action on his refusal.

The complaint charged that the defendant made the indorsement to deceive and defraud the plaintiff, who relied on the representation that he was attorney in fact of Bruce, whereas he was not such attorney, nor authorized to indorse for Bruce.

The justice who tried the cause found that the defendant, as attorney-at-law, under the circumstances of the case, was authorized and had a right to indorse the check and deposit and receive the pay thereon ; that he acted in good faith ; and that plaintiff had no cause of action against the defendant, and certainly not one in fraud ; and dismissed the complaint. From the judgment for defendant·· entered thereupon, plaintiff appealed to the General Term of the Marine Court, which affirmed the judgment, and from that decision plaintiff appealed to this court.

*Sandford S. Steele*, for appellant.—Defendant had no right to indorse the check in the name of George W. Bruce. An attorney to make a collection has no right to receive a check, note, or anything but money (Weeks on Attorneys § 232; *Fellows* v. *Northrup*, 39 N. Y. 121; *Heyman* v. *Bininger*, 1 Abb. N. C. 317; *Commissioners &c.* v. *Rose*, 1 Desaus. Ch. 461; *Smock* v. *Dade*, 5 Randolph 639). If defendant had no right or authority to receive the check as attorney for Bruce, *a fortiori* he had no right to indorse it as such attorney (*Hogg* v. *Snaith*, 1 Taunt. 347, and cases cited; also *Filley* v. *Gilman*, 34 Super. Ct. 340; *Millard* v. *Bank of the Republic*, Wash. L. Rep. 6 Alb. L. J. 54; *Holtzinger* v. *National Corn Exchange Bank*, 6 Abb. Pr. N. S. 292; affirmed by Court of Appeals, Feb. 7th, 1871; *Gardner* v. *Baillie*, 6 T. R. 591; *Murray* v. *East India Co.*, 5 Barn. & Ald. 617; *Hay* v. *Goldsmith*, cited in *Hogg* v. *Snaith, supra;* and see *Graham* v. *United States Sav. Inst.*, 46 Mo. 186). The relation of attorney and client is that of agent and principal in law matters exclusively, and the law of agency applies (Wharton on Agency, 580; 40 Barb. 521; 2 Brown & H. Comm. 19; 3 Blackst. Comm. 25).

This was a fraudulent indorsement. Defendant, knowing that his action in taking the check was repudiated, and that he had no authority from the payee to indorse it, indorsed the check as attorney, knowing it would be understood as attorney in fact, though he claims to have meant only attorney-at-law. This subterfuge cannot avail (*Johnson* v.

*Hathone*, 12 Abb. App. Dec. 465). Ignorance on the subject, if ignorance existed, would not excuse him (*Craig* v. *Ward*, 3 Keyes 387; *Bennet* v. *Judson*, 21 N. Y. 238; *Twitchell* v. *Bridge*, 42 Vt. 68; *Smith* v. *Richards*, 13 Pet. 26, 36).

· *George P. Avery*, for respondent.—*Prima facie*, Mr. Bruce expected defendant to receive the payment in cash (Wharton on Agency, §§ 580–583). Had he received payment in cash he would have had a right to have deducted his pay (Dunlap's Paley on Agency 131, note *a*, and cases cited), and the balance would have been Mr. Bruce's. Had he taken a check payable to his own order, he could have drawn the money from the bank, and the money, taking out his fees, would have been Bruce's. The mode of payment adopted was only equivalent to this. Having the check certified was equivalent to payment (*Mead* v. *Merchants Bank of Albany*, 25 N. Y. 147). Mr. Bruce did not demand cash. He sanctioned the taking of the check. The check had become a payment of the claim (*Livingston* v. *Radcliff*, 6 Barb. 201).

Defendant cannot be deprived of his lien or of his right to enforce it (*Shackleton* v. *Howard*, 20 How. Pr. 39). The indorsement of this certified check was only a mode of converting the check into cash, and thus enforcing his lien.

J. F. DALY, J.—[After stating the facts as above.]—An attorney-at-law, employed to collect a claim, who receives in payment thereof a check payable to the order of his client, has no authority to indorse it in his client's name and cash it. The power to indorse checks and bills must be expressly conferred (*Filly* v. *Gilman*, 34 Super. Ct. 339).

A power of attorney to collect moneys due and to compound, discharge and give releases therefor, does not authorize the attorney to indorse a bill drawn to the order of his principal (*Hogg* v. *Snaith*, 1 Taunt. 347; *Murray* v. *East India Co.*, 5 Barn. & Ald. 204).

Nor does the power to receive a check in payment give

the attorney the right to assign it or indorse it, if it be payable to the order of the principal (*Holtzinger* v. *National Corn Ex. Bank*, 6 Abb. Pr. N. S. 292; *Graham* v. *U. S. Savings Inst.*, 46 Mo. 186; *Millard* v. *National Bank Republic*, 4 Nash. L. R. 209). There is nothing in the authority of an attorney-at-law, as such, that confers power to indorse checks, drawn to his client's order, which he has received in payment of claims placed in his hands for collection. On the contrary, nothing is better settled than that an attorney-at-law employed to collect a demand has not even authority to receive a check, bill or note from the debtor in payment. How, then, can any authority to indorse such an instrument be implied? And if special authority were conferred on him by his client to receive such an instrument, he would not be permitted, as the cases cited show, to indorse it in his client's name, if it were drawn to the order of the latter. It was suggested in the court below that the attorney of a non-resident or absent client might risk the loss of the debt if he had to send the check abroad or wait the client's return. The sufficient answer is that the difficulty suggested need never arise; the attorney may always refuse to receive a check, and may insist upon payment of the claim in money.

An objection to the recovery of the amount of the check in this action is made on the ground that the complaint alleges fraud on the part of the defendant in indorsing the check as attorney for George W. Bruce, and collecting it through his own bank; and it is claimed that the evidence shows that defendant indorsed the check in good faith, upon the supposition that he had the right to indorse his client's name. The bad faith and fraud of the defendant are conclusively proved. As an attorney-at-law, he knew he had no right to indorse his client's name, not being thereto authorized by his client. In indorsing as "Att'y" he purposely omitted to state that it was as attorney-at-law, but left it so in order to deceive the bank into the belief that he was attorney in fact for Bruce. His account was kept in the name of McFadden, from whom he had a power of

attorney, and he knew that such a power was necessary to indorse checks, and that the presumption was that he indorsed this check as attorney in fact, just as he drew or indorsed for McFadden.

But the strongest evidence of his bad faith is that he did not attempt at first to indorse and draw this check, but sent it repeatedly to Mr. Bruce, and only after the latter had refused to pay his bill resorted to the desperate step of indorsing it fraudulently as a pretended attorney in fact and drawing the money.

The judgment must be reversed, with costs of this appeal and of the General Term of the Marine Court to plaintiff, and a new trial ordered, with costs of the former trial to plaintiff to abide event.

VAN BRUNT and VAN HOESEN, JJ., concurred.

Judgment reversed, with costs, as directed in the opinion.