## HARBACH v. COLVIN ET AL.

1. **Attorney at Law**: COLLECTION: PAYMENT BY CHECK. While an agent or attorney has not, in the absence of special instructions, any authority to receive anything but money in payment of a claim held by him for collection, (see cases cited in opinion,) yet, where he receives a bank check as such payment, and obtains credit on his account for the amount of the check at the bank where he deposits it, and the money is paid him when he chooses to draw it out, and the bank on which the check is drawn pays it when presented, *held* that this is equivalent to a payment in money, and is a good payment to bind the principal.

2. ————: ————: TRANSFER OF NOTE AND MORTGAGE TO JUNIOR MORT-GAGEE: RECEIPT OF MONEY. While it is true that the power which is given to an attorney to enforce the collection of a debt does not carry with it the general power to sell the evidence of indebtedness, yet, where an attorney has begun an action to foreclose a mortgage, he may assign the mortgage and the indebtedness to the holder of a junior mortgage; because such junior lien-holder has a right, under § 3323 of the Code, to such assignment upon paying therefor; and in such case, also, the attorney has authority, under § 213 of the Code, to receive the money for such assignment, and the payment thereof to him is payment to his client.

3. **Estoppel by Judgment**: RIGHT NOT IN ISSUE. After an action had been begun to foreclose a mortgage, it was assigned to the holder of a junior mortgage, who had been made a party defendant; but, by agreement, the action was prosecuted to judgment in the name of the original plaintiff. Afterwards, in an action by the junior against the senior mortgagee, to establish the right of the former to the judgment, the latter insisted that he was estopped by the judgment from asserting such right. But *held* that this was not so, because, although in that action he might have asserted such right by a motion to be substituted as plaintiff, or, possibly, by a petition of intervention, he did neither; and his right to the judgment was in no manner put in issue, and could not have been, while the parties retained the relations to the case in which they stood.

*Appeal from Polk Circuit Court.*

WEDNESDAY, DECEMBER 21.

THE defendant, Almira Colvin, was the owner of a promissory note for $600 given by James W. Kelly, and which was secured by mortgage on real estate in the city of Des Moines. The indebtedness was for money loaned to Kelly by Mrs. Col-

vin.   Kelly procured the loan through H. R. Creighton, who was a loan agent at Des Moines.   Creighton sent the application to Smith & Tennant, at Westfield, in the state of New York, and they procured the money from Mrs. Colvin, who is also a resident of that state.   When the indebtedness fell due, Creighton, who is also an attorney, instituted a suit in Mrs. Colvin's name for the foreclosure of the mortgage.   This was done without any previous direction or authority from her; but, when she was informed that it was necessary for the enforcement of her rights to foreclose the mortgage, she delivered it and the note to Smith & Tennant, with directions to send them to some attorney for that purpose, and they sent them to Creighton.   The plaintiff, Harbach, held a junior mortgage on the premises, and he was made a party defendant in the action.   For the purpose of securing his own claim, he desired to pay Mrs. Colvin's debt, and procure an assignment of her note and mortgage, and he applied to Creighton to make the payment to him.   It was agreed between them that plaintiff should pay the amount of the debt, and that the note and mortgage should be delivered to him, and that the action should be prosecuted to judgment in Mrs. Colvin's name, but for his benefit.   He accordingly drew his check to Creighton on the Des Moines Savings Bank for the amount of the debt, and Creighton delivered the note and mortgage to him.   Creighton deposited the check to his own credit in the bank in which he kept his account, and it was paid on presentation by the bank on which it was drawn. The action was subsequently prosecuted to judgment by plaintiff's attorney.   The judgment entered in the cause is in favor of Mrs. Colvin, against Kelly, for the amount of the debt, and for the foreclosure of the mortgage, and it establishes the priority of her mortgage to the one held by plaintiff. Creighton did not pay over to Mrs. Colvin the money paid him by plaintiff, but converted the same to his own use.   Plaintiff caused a special execution to be issued on the judgment, and at the sale thereunder he bid the amount of the judg-

ment and costs, and his bid was accepted by the sheriff. He tendered to the officer, however, only the amount of the costs, which was rejected, on the ground that he did not, either by the terms of the judgment or by any assignment, appear to be the owner thereof, and the sheriff thereupon adjourned the sale for three days. At the adjourned sale Mrs. Colvin bid in the property at the amount of the judgment and costs, and the sheriff gave her a certificate of purchase. Plaintiff thereupon brought this action in equity to establish, as against Mrs. Colvin, his ownership of the judgment, and to compel the sheriff to issue to him a certificate of purchase under the first sale of the property. The circuit court entered judgment in accordance with the prayer of the petition. Mrs. Colvin appeals.

*Willard & Fletcher*, for appellant.

*Phillips & Day* and *St. John & Whisenand*, for appellees.

REED, J.—I. It is urged that the transaction between plaintiff and Creighton did not amount to a payment of the debt, for the reason that the latter had no authority to receive anything but money in payment. The general rule undoubtedly is that one who undertakes as agent for another to collect a money demand, in the absence of special instructions, has no authority to accept anything but money in payment. (*McCarver v. Nealy*, 1 G. Greene, 360; *Graydon v. Patterson*, 13 Iowa, 256; *Drain v. Doggett*, 41 Id., 682.) We have no occasion in the present case to determine whether such agent would have authority, where the usage was to pay by check, to accept a check in payment, but, for the purposes of the case, it may be conceded that he would not have such authority. If, however, he receives the money on a check which he has taken in payment, there can be no question that that would amount to payment. If the debt should not be satisfied by the acceptance of the check, it clearly would be by the receipt

1. ATTORNEY at law: collection: payment by check.

of the money thereon. Now, while the money was not actually delivered to Creighton on the check, what was done was equivalent to that. The bank in which he deposited it gave him credit for the amount, and paid it to him when he chose to draw it out, and the bank upon which the check was drawn paid the amount when the check was presented.

II. It is next contended that the transaction between plaintiff and Creighton was in effect but an attempt by the latter to sell and assign the note and mortgage to plaintiff, and that, as he had them in his possession for collection only, he had no authority to make any such disposition of them. It is certainly true that the power to enforce collection of the debt did not carry with it the general power to sell the evidence of indebtedness; and, if Creighton had undertaken to transfer the note and mortgage to one having no interest in the mortgaged property, there would be no doubt, perhaps, that his client would not have been bound by his action. But plaintiff held a junior mortgage on the premises. He was entitled, by reason of that fact, to pay the debt for the protection of his own security, and upon payment of the amount he was entitled to an assignment of the interest of the senior mortgagee. Section 3323 of the Code is as follows: "At any time prior to the sale, a person having a lien on the property which is junior to the mortgage will be entitled to an assignment of all the interest of the holder of the mortgage by paying him the amount secured, with interest and costs, together with the amount of any other liens of the same holder which are paramount to his. He may then proceed with the foreclosure, or discontinue it, at his option."

There can be no question but plaintiff, under this provision, could have compelled the assignment of the mortgage to him, by paying to Mrs. Colvin, or to any person authorized to receive it for her, the amount of the mortgage, with the interest thereon and the costs of the action. But the question is whether Creighton had authority, by virtue of his relation

*2. ———: ———: transfer of note and mortgage to junior mortgagee: receipt of money.*

to her, to receive the money for her.  We think he had such authority.  It is provided by statute (Code, § 213) that an attorney has power "to receive money claimed by his client in an action or proceeding during the pendency thereof, or afterwards, unless he has been previously discharged by his client; and upon payment thereof, and not otherwise, to discharge the claim, or acknowledge satisfaction of the judgment."  As the attorney has the authority to receive "any money claimed by his attorney in the action," it follows, necessarily, that he has authority to receive it from any person from whom it may be collected in the action, or who, for the protection of any interest of his own, has the right to pay it.  As we have seen, plaintiff had the right, for the protection of his junior lien, to pay the money in question.  He was made a party to the foreclosure proceeding for the purpose of compelling him to pay it, or, in case of his refusal to pay, of foreclosing his lien.  The money paid was the amount claimed by Mrs. Colvin in the action, and in effect it was claimed from plaintiff.  We think the authority of Creighton to receive it for his client is clear.

III.  Another position urged by counsel for appellant is that plaintiff is estopped by the judgment from asserting the right he is now seeking to enforce.  The facts upon which this position is based are, that plaintiff was a party to the action in which the judgment was rendered, and that by its terms it is a judgment in favor of appellant, adjudging that she is entitled to have and recover of the defendant, Kelly, the amount of the indebtedness, and ordering the sale of the mortgaged premises for the satisfaction of the debt, and determining that the lien of her mortgage is senior and superior to any interest of the plaintiff in the premises.  It is contended that the rights which plaintiff is now seeking to enforce are necessarily concluded by the judgment.  Of course, the general proposition is conceded that, as between the parties thereto, a judgment is conclusive as to all rights which were put in issue by the plead-

3. ESTOPPEL by judgment: right not in issue.

ings.   But plaintiff's claim is not in derogation of that rule. He was a defendant in the action in which judgment was rendered, it is true; but he could not have asserted the right he is now seeking to enforce in that relation to the case. The right which he acquired by his payment of the money was the right to an assignment of the interest of the mortgagee. But that was not a right which he could have pleaded as a defense.   He could have asserted it only by a motion to be substituted as plaintiff in the action, or possibly, by a petition of intervention.   He did neither, and his right to the assignment was in no manner put in issue; nor could it have been, while the parties retained the relations to the case in which they then stood.   He does not deny the validity of the judgment; nor does he assert any right in opposition to it. His claim is merely that, while the judgment is by its terms in favor of appellant, she holds it in trust for him, and we think he is not precluded by the judgment from asserting that claim.                                      AFFIRMED.