M. Jacoby & Co. (Limited), Respondent, *v.* George D. Payson and Alice D. Adams, as Executors, etc., of Elisha J. Denison, Deceased, Appellants.

*Principal and agent — construction of a power of attorney — when the agent has no authority to indorse checks for negotiation.*

In an action brought against the executors of Elisha J. Denison, deceased, to recover damages for the alleged conversion of a check, it appeared that the check in question was made by the H. B. Claflin Company to the order of the plaintiff, and that it was indorsed apparently by the plaintiff and by Denison.

It further appeared that the plaintiff was a foreign corporation, doing business at Nottingham, England; that, in August, 1888, it entered into a written agreement with H. L. Fesler & Co., of New York, by which the latter firm were appointed agents of the plaintiff for the United States, and as such agents were to receive commissions upon the sales made by them; that, in November, 1890, Wight & Co., of the city of New York, were indebted to the plaintiff for goods which had been sold by the plaintiff direct and not through the agents, and on November eighth, H. L. Fesler & Co., learning that Wight & Co. were embarrassed, so notified the plaintiff by cable, whereupon the plaintiff executed and delivered to one Fritz Reinhold, of Nottingham, England, a power of attorney, authorizing him to adjust any claims or differences which the plaintiff had against or with its debtors in New York, but the power of attorney, while authorizing Reinhold to receive all sums of money, to settle and compromise claims, to prosecute and defend actions, and to give receipts and discharges, contained no express authority to indorse checks. Reinhold arriving in New York on November nineteenth with the power of attorney found that Henry L. Fesler had just made a settlement with Wight & Co., under which afterwards he received from them the check in question.

At about the same time Reinhold transferred in writing his power of attorney to Henry L. Fesler, and immediately thereafter Fesler indorsed upon the check the signature of the plaintiff, but did not do this for collection, and the check in some manner not described came into the possession of Denison, was deposited by him and was paid.

*Held,* that as the goods out of which the compromised indebtedness arose were not sold for the plaintiff by Fesler & Co., nor by Henry L. Fesler, the agreement, made in August, 1888, gave no power to Fesler to compromise the claim of the plaintiff against Wight & Co.; or to indorse the check which he received upon the compromise ;

That, assuming that the assignment of the power of attorney by Reinhold to Fesler gave to Fesler the powers of Reinhold, the power of attorney contained nothing which gave Fesler authority to indorse checks and to negotiate them after he had indorsed them, thus assuming to impose a liability upon his principal ;

That this was especially so in view of the fact that no proof was given enlarging the authority conferred by the power of attorney, or showing that Denison relied on the apparent authority of Fesler or had knowledge of any fact tending to show apparent authority on his part.

APPEAL by the defendants, George D. Payson and another, as executors, etc., of Elisha J. Denison, deceased, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of May, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 27th day of May, 1895, denying the defendants' motion for a new trial made upon the minutes.

This action was begun April 12, 1892, against Elisha J. Denison to recover damages for the alleged conversion of the following check :

" No. 230.                          NEW YORK, *Nov. 20th,* 1890.
              " BANK OF AMERICA.

" Pay to the order of M. Jacoby & Co. Forty-six hundred and thirty-nine 27-100 dollars.
" $4,639.27.        THE H. B. CLAFLIN COMPANY,
                              By D. N. FORCE."
(Indorsed : ) " M. Jacoby & Co., E. J. Denison."
(Stamped on face : ) " 8.    21 Nov., 1890."
(Stamped on left-hand margin : ) " C.    The Bank of America. Certified.    Payable only through N. Y. Clearing House."

Afterwards Denison died and this action was revived and continued against his representatives.

The plaintiff is a foreign corporation existing under the laws of the United Kingdom of Great Britain and Ireland, having its chief place of business at Nottingham, England, and is engaged in the manufacture and sale of lace curtains.    August 1, 1888, the plaintiff and H. L. Fesler & Co. of New York entered into a contract of which the following is a copy :

                          " NEW YORK, *August* 1, 1888.
" ARTICLES OF AGREEMENT, made and entered into this day by and between Messrs. M. Jacoby & Co., Nottingham, England, parties of

the first part, and Messrs. H. L. Fesler & Co., of New York, parties of the second part.

"Wherein Messrs. M. Jacoby & Co. appoint Messrs. H. L. Fesler & Co. their sole agents for the United States and Canada (In letter 25 June, '89, H. L. F. & Co. give up all their claim for Canada, authorizing us to appoint another agent for Canada), for the term of three years on the following conditions :

"Messrs. H. L. Fesler & Co. to pay all the expenses on this side for postage and such traveling expenses on journeys as are undertaken by Mr. W. Behrend, who is under contract with Messrs. Fesler & Co. to manage this department. Cable expenses to the account of M. Jacoby & Co., who are to furnish all samples free of charge to Messrs. Fesler & Co., and the same to be sold by Messrs. Fesler & Co., for account of Messrs. M. Jacoby & Co., at the end of each season or be returned.

"All orders taken at the risk of M. Jacoby & Co. for the present ; Messrs. M. Jacoby & Co. will not pay any commission for goods sold by them to the following houses :

Lawson Bros., Messrs. Fletcher & Co................New York.
S. E. Block & Bros.
L. V. Asiel & Co., Mills & Gibbs...................New York.
Meiser Bros., Einstein, Hirsch & Co................New York.
E. Erdmann & Co., Welker & Riess. ...............New York.
Lahey & Dubord,
Boyd, Stretton & Co., Jaffray & Co................New York.
Aronstein & Wolfers., Modry & Co...........E. Mommer & Co.
Cohen Bros. & Co., Mauloir & Co. ......Arnold, Constable & Co.
    Hariman & Co.
Messrs. (H) Bauer Bros. & Co.          (H) Mr. V. J. Rounds.
        (H) Tefft, Weller & Co.
        (H) Thos. May & Co.
        (H) J. Patterson & Co.          (H.) L. F. & Co.
        (H) W. G. Caldwell & Co.

"Excepting the above-named firms, a commission of five per cent on the net amount of all sales made in sterling on our goods, to be paid by Messrs. M. Jacoby & Co. to Messrs. H. L. Fesler & Co. ; a commission of one and one-half per cent on the net amount of all sales made in sterling on town goods, a monthly statement to be

rendered by Messrs. M. Jacoby & Co. of all sales, and a fly-sheet copy of each invoice to be sent to Messrs. H. L. Fesler & Co., commission to be paid Messrs. H. L. Fesler & Co. when bills are due, as per terms given when orders are taken from the customers.

"Signature for M. JACOBY & CO., W. J. MASSEY.

Witness, A. AUERBACH.

"Signature, H. L. FESLER & CO.

Witness, W. BEHREND."

Afterwards the plaintiff and H. L. Fesler & Co. extended the foregoing contract by the following agreement:

"This agreement is hereby extended authorizing Messrs. H. L. Fesler & Co. to take orders in currency, selling same in their name and account, it being understood that Messrs. Fesler & Co. guarantee all goods so sold by them. On all such orders taken by them, Messrs. Fesler & Co. will name the houses to whom goods are sold. Also time of delivery, terms of payment, prices, and so forth, furnishing a report of the financial standing of the said firm. Messrs. Fesler & Co. to advance the freight, duty and other incidental expenses, adding same to the sterling price, which they will so calculate to return Messrs. M. Jacoby & Co., Limited, the net amount in sterling, sending account sales showing the transactions in detail. Remittances to be made by Messrs. Fesler & Co. in accordance with the terms stated by them in the original orders.

"Consular invoices: Messrs. Fesler & Co. will give in sterling the prices to be invoiced.

"For M. JACOBY & CO. (Limited),

"ARTHUR J. BUTLER, *Director*.

"H. L. FESLER & CO."

In November, 1890, Wight & Co., of the city of New York, were indebted to the plaintiff in a considerable sum for goods sold. These goods were not sold through Henry L. Fesler or H. L. Fesler & Co November 8, 1890, H. L. Fesler & Co. learned that Wight & Co. were embarrassed, and on that day cabled the plaintiff as follows:

"Have private information Wight & Co. failing very soon. Shall I act?

"FESLER."

On the 11th of November, 1890, the plaintiff executed and delivered the following power of attorney to Fritz Reinhold, of Nottingham, England :

" To all to whom these presents shall come :

" We, John Henry Jacoby and Arthur Joynes Butler, Directors of M. Jacoby & Company, Limited, Nottingham, England, Lace Manufacturers and Merchants, send GREETING :

" Whereas, we, the aforesaid John Henry Jacoby and Arthur Joynes Butler, having reason to believe that several firms in New York, in the United States of America, are not in a position to meet their indebtedness to the firm of M. Jacoby & Company, Limited, desire to give a general power of attorney to Fritz Reinhold to act for them in such manner as he, in his discretion, may think the circumstances of each case may require, and to adjust any claims or differences in account that may arise with these New York firms.

" Now these presents witness that the said John Henry Jacoby and Arthur Joynes Butler,·do hereby make, ordain, constitute and appoint Fritz Reinhold, of Nottingham, in the United Kingdom of Great Britain and Ireland, their true and lawful attorney and agent for them and in their name or otherwise, and on their behalf to ask, demand, receive and recover all and every sum and sums of money whatsoever, that are or is now due and owing to the said company, of and on our behalf to investigate, adjust, settle and to compromise all accounts, debts, claims, disputes and matters which or shall or may subsist or arise, and also, if necessary, to commence and prosecute and defend all actions, suits, claims, demands and proceedings touching the premises, and in any way connected therewith, and also to receive and give effectual receipts and discharges for all sums of money, claims or demands by the said company, and to prove and receive dividends and to give receipts for the proceeds arising from and, also to give an effectual receipt in full discharge of all claims. And generally to do, perform and execute all and every such act and acts, deed and deeds, in and about the premises as he the said Fritz Reinhold, shall think proper, as fully and as effectually to all intents and purposes whatsoever as the said John Henry Jacoby and Arthur Joynes Butler might or could do if personally present, and also to substitute and appoint any person or persons to

act under, or in the place of the said Fritz Reinhold in all or any
of the matters aforesaid, and every such substitution at pleasure to
revoke, the said John Henry Jacoby and Arthur Joynes Butler
hereby agreeing to ratify, confirm whatsoever the said Fritz Rein-
hold or his substitute or substitutes shall lawfully do or cause to
be done in or about the premises by virtue of these presents.

"In witness whereof the said John Henry Jacoby and Arthur
Joynes Butler have hereunto set their hands and seals and also
affixed the common seal of the said company the eleventh day of
November in the year of our Lord one thousand eight hundred and
ninety.

"For M. JACOBY & CO., Limited,

"J. HENRY JACOBY.  [SEAL.]

"*Director.*

"Signed, sealed and delivered
    in the presence of Geo. Richards.

"J. H. WARNER.

"For M. JACOBY & CO. (Limited).

"ARTHUR J. BUTLER,  [SEAL.]

"*Director.*"

On the 19th of November, 1890, Fritz Reinhold arrived in New
York, bringing with him his power of attorney. On the 21st of
November, 1890, he wrote the plaintiff as follows:

"*Nov. 21st, 1890.*

"Messrs. M. JACOBY & Co. (Limited),
        "Nottingham, Eng.:

"DEAR SIR:—I arrived on the 19th, late at night. Called yes-
terday on Messrs. Welcker & Reis. * * * With reference to
Wight & Co., Reis asked me to avail myself of Mr. Fesler's assist-
ance whom he believes had already done something in the matter.
When calling on Fesler & Co., I did not find Fesler at home; had
just gone to Wight & Co., and after one-half hour's waiting, he
came back and having everything settled, but, having no further
power he could not give receipt and agree to abandonment of all
further claims. The last two invoices are given back to Fesler, the
remainder about £1,000, they pay 90%. Fesler assures me that the
of 90% is overdue to him, being first
to look after our interests. * * *

" I have given my full power to Fesler to arrange everything finally to-day.   He shall very likely give you exact particulars later on by same mail.   Without more for the moment,

"I remain, dear sirs,

" Yours faithfully,

" FRITZ REINHOLD."

" WIGHT & Co. :

" Fesler will write you to-day.   On Monday I shall see the color of their money.   *    *    * "

On the power of attorney, produced by the defendants, the execution of which was proved by one of the plaintiff's directors, was indorsed the following :

" I herewith transfer this power of attorney to Mr. H. L. Fesler, 464 Broome st., New York.

" FRITZ REINHOLD.

" [SEAL.]  *Nov.* 20, 1890.

·The execution of this transfer by Reinhold was not proved, except as established by his letter to the plaintiff, which was produced by the plaintiff and formed in part an answer to one of the interrogatories propounded to plaintiff's managing director by the commission issued to take evidence in England.   On November 20, 1890, Henry L. Fesler, and before he had seen Fritz Reinhold, effected a settlement with Wight & Co. and received the check in question.   On that day or on the next, Fesler indorsed upon the check the signature " M. Jacoby & Co.," and on the twentieth or twenty-first of November, the defendants' testator indorsed the check "E. J. Denison," and on the same day deposited it to his credit in the National City Bank of New York, which presented it to the Bank of America on the same day, by which bank it was paid.   Neither the check nor any part of the avails thereof was received by the plaintiff, and before this action was begun, the check and its avails were demanded of the defendants' testator, who refused to deliver the check or pay over the money he had received thereon.

*Lawrence Godkin,* for the appellants.

*John J. Adams,* for the respondent.

FOLLETT, J. :

It is agreed that the check, which is the subject of this action, was the property of the plaintiff, and that its title thereto could not be divested without its act or the act of an agent having power to transfer it. It is conceded that the check was not received by the plaintiff. The defendants insist that their testator acquired title to the check through the indorsement thereon of the plaintiff's name by Henry L. Fesler. On the former trial it appeared that defendants' testator received the check from Fesler in part payment of a debt owing by the latter to the former, but that fact was not proved on this trial, nor was it shown from whom Denison received the check, nor was the consideration or the circumstances of its transfer to him shown or in any wise explained.

The learned counsel for the defendants asserts that Henry L. Fesler was authorized to indorse the plaintiff's name and negotiate the check, (1) by the contract of August 8, 1888, and the continuation thereof; (2) by the power of attorney of November 11, 1890, and the transfer thereof of November 20, 1890. It is plain that neither Henry L. Fesler nor H. L. Fesler & Co. had power under the contract of August 8, 1888, to compromise the claim against Wight & Co., or to indorse the check received upon the compromise. The goods out of which the compromised indebtedness arose were not sold through H. L. Fesler & Co., but directly by the plaintiff to Wight & Co. The only authority of Henry L. Fesler to compromise the debt is derived from the power of attorney, which, for the purpose of this decision, we shall assume was transferred to him by Fritz Reinhold.

By the substitution of November 20, 1890, Henry L. Fesler stood in the place of Reinhold and was vested with his powers, which were not derived from him but through him from the plaintiff.

The case at bar cannot, we think, be distinguished in principle from *Holstinger* v. *National Corn Exchange Bank* (1 Sweeny, 64; 6 Abb. [N. S.] 292; 37 How. 203 ; and affirmed by the Court of Appeals, 3 Alb. L. J. 305 ; 40 How. 720.)

In the case cited the original power was as broad and general as the one in the case at bar. It contains this provision : " I do hereby grant unto my said attorneys full power to execute and deliver all

needful instruments and papers, and to perform all and every act and thing whatsoever requisite and necessary to be done in and about the premises, as fully and completely, to all intents and purposes, as I might and could do if personally present, hereby ratifying and confirming all the acts of my said attorneys, or either of them, done by virtue and in pursuance of these presents." The power was given to enable the attorneys to collect arrears of pay due the principal from the United States. The attorneys received two checks drawn by a paymaster on the assistant treasurer of the United States at New York, payable to the order of the principal. Under the power the agents indorsed and collected the checks, and it was held that the indorsements were not authorized by the power, and that the defendant, a bank, which had received the money from the assistant treasurer, was liable to the principal. The only distinction between the cases is that this plaintiff is a foreign corporation, and it is the custom to pay commercial debts by checks, and it is urged that the power to collect embraces the power to do it in the usual way and to perform every act necessary to make the check available, or, in other words, to convert it into money. Had Fesler indorsed the name of his principal on the check and received payment thereof directly from the drawee, a somewhat different question would have been presented, for, in that case, no liability would have been assumed to have been created against the principal by the indorsement, but Fesler, after indorsing the name of his principal, negotiated the check, thus assuming to impose a liability on his principal. There is no evidence that Fesler indorsed the check for collection, or that he ever received the avails of the check.

We find no authority broad enough to justify this court in holding that the case at bar is not within the rule declared in the case before cited. (See, also, *Filley* v. *Gilman*, 2 J. & S. 339 ; *Chatham National Bank* v. *Hochstadter*, 11 Daly, 343 ; *Hogg* v. *Snaith*, 1 Taunt. 347.)

The learned counsel for the appellants seeks to reverse this judgment on the ground that the plaintiff had clothed H. L. Fesler with apparent authority to indorse the check. There is no question of apparent authority in this case. No fact was proved which enlarged the authority conferred by the power of attorney, and there is no evidence that Denison relied on the apparent authority

of Fesler, or had knowledge. of any fact tending to show that he had apparent authority. It does not appear that Denison had ever heard of the plaintiff, or of the relations existing between it and Fesler when he received the check, nor is there any evidence that Denison received the check from Fesler. From whom he received it does not appear.

The judgment and order should be affirmed, with costs.

O'BRIEN, J., concurred; VAN BRUNT, P. J., concurred in result.

Judgment and order affirmed, with costs.