### GOODWIN v. SOMMER.

#### (Supreme Court, Appellate Term. February 27, 1906.)

1. TROVER AND CONVERSION—ACTION—TRIAL—QUESTION FOR JURY.

Plaintiff was a manufacturer of worsteds, and had authorized an agent to solicit orders for sales of his goods, subject to plaintiff's approval, and with the understanding that plaintiff would fill the orders in his own name, ship the goods from his mill, and collect the bills. Plaintiff accordingly shipped a lot of goods to a supposed purchaser, who declined to take them. The truckman who had been intrusted with the delivery of the goods thereupon, without any apparent authority, left them at the office of the plaintiff's agent, who, without authority, sold them in his own name to defendant for value. In trover for the conversion of the goods, evidence examined, and *held* that the court erred in holding as matter of law that plaintiff had not established a cause of action.

2. SAME.

It was a question for the jury whether all the goods involved in the action had come into the possession of the defendant.

3. SAME—INSTRUCTIONS.

 If there was evidence that defendant was a bona fide purchaser for value, who relied on the agency and acts properly chargeable to plaintiff's conduct, which justified him in dealing with the agent as one duly authorized to sell the goods, it was the duty of the court to submit the facts to the jury on a careful charge, explaining the doctrine of agency by estoppel, that would bind the principal.

4. TRIAL—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

 It is for the jury, and not the court, to pass on the credibility of witnesses, and determine just how much credence is to be given to their testimony.

 [Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, §§ 334, 335.]

Appeal from City Court of New York, Trial Term.

Action by Richard E. Goodwin against Rudolph Sommer. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Philip Carpenter, for appellant.

Sydney Rosenbaum, for respondent.

SCOTT, P. J. It appears that plaintiff is a manufacturer of worsteds at Watertown, Mass., and that one Lynch had been authorized by plaintiff to solicit orders for sales of these goods, subject to plaintiff's approval, and with the understanding that plaintiff would fill the orders in his own name, ship the goods from the mill, and collect the bills. On February 23, 1900, the plaintiff shipped a lot of goods to this city to one Goldstein, who declined to take them. The truckman who had been intrusted with the delivery of the goods thereupon, without any apparent authority, left them at the office of Lynch, who without authority fraudulently sold them in his own name to the defendant for value. The action was brought in conversion, upon the theory that defendant never got title to the goods. The complaint was dismissed at the close of plaintiff's case, upon the ground that Lynch had authority to sell the goods, to which due exception was taken by plaintiff.

It is well settled that authority to sell is not inferred from the mere possession of goods, and that a sale not authorized vests no better title in the vendee than the vendor had. Edwards v. Dooley, 120 N. Y. 540, 24 N. E. 827. Undoubtedly, an innocent purchaser may nevertheless be protected if the sale is made under such circumstances, created by the acts of the real owner, from which one would be justified in believing that the person in possession of the goods had authority to sell them. The case upon plaintiff's proofs, however, unmistakably shows that plaintiff did not know that these goods were in Lynch's possession, or that Lynch had no authority to sell them, and that in selling them Lynch was guilty of larceny; and nothing was developed on plaintiff's case from which it might be inferred that defendant, by any acts of plaintiff, or any course of dealing with plaintiff, was warranted in believing that Lynch had authority to dispose of the goods in question. Under such circumstances, the court erred in holding as matter of law that plaintiff had not established a cause of action.

Respondent also argues that there was not sufficient evidence from which a jury could find that all the goods involved in this action had

come into the possession of defendant. It appears that Lynch, who had been called by plaintiff, and who was the only witness on the question of delivery, testified on cross-examination that he was not certain whether all these goods had been sold and delivered by him to defendant, or whether portions of them had been sold and delivered to other parties; although the witness had testified on his direct examination, and afterwards on his redirect examination, when confronted with an affidavit which he had signed some years ago, from which he refreshed his memory, that he delivered all the goods to defendant. That this witness was unreliable and discreditable has been sufficiently shown from his dishonest acts, but nevertheless it was for the jury, and not the court, to pass upon the credibility of his testimony, and determine just how much credence should be given to it. This is peculiarly a case in which the defendant was called upon to show the circumstances under which he purchased the goods from Lynch; and if there was evidence that defendant was a bona fide purchaser for value, who relied upon Lynch's agency and acts properly chargeable to plaintiff's conduct, which justified him in dealing with Lynch as one duly authorized to sell these goods, it was the duty of the court to submit the facts to the jury upon a careful charge, explaining the doctrine of agency by estoppel that would bind the principal. Such cases as Edwards v. Dooley, supra, People v. Bank of North America, 75 N. Y. 547, and Jacoby & Co. v. Payson, 91 Hun, 480, 36 N. Y. Supp. 240, would be reliable guides in declaring the law on this subject.

The judgment must be reversed, and a new trial ordered, with costs and disbursements to appellant to abide the event. All concur.