PAUL T. McCULLY, EMPLOYEE, RESPONDENT, v. KELLEY-DEMPSEY CO., EMPLOYER, UNITED STATES FIDELITY & GUARANTY CO., INSURER, APPELLANTS.—57 S. W. (2d) 784.

Kansas City Court of Appeals. February 6, 1933.

*Garnett & Salsbury* for respondent.

*Hook & Sprinkle* for appellant.

TRIMBLE, P. J.—This is an appeal from a judgment of the Circuit Court of Cass County, Missouri, reversing an award of the Missouri Workmen's Compensation Commission denying the employee-respondent's right to recover certain compensation awarded to, and paid by, insurer and employer, appellants, but which respondent claims was not paid him.

There is no dispute over facts, which are these:

On January 10, 1931, respondent McCully was injured in an accident arising out of and in the course of his employment with appellant Kelley-Dempsey Company. Employee and employer were operating

under the Missouri Workmen's Compensation Act, and liability under such law was fully covered by the appellant insurer herein. All steps governing the filing and perfecting of his claim for compensation were fully complied with. The employee was incapacitated eleven and five-sevenths weeks, and the rate of compensation to which he was entitled was $15.38 per week.

A firm of lawyers in Harrisonville, Missouri, at the request of the claimant, prepared and filed with the commission the said claim for compensation within proper time. Said claim for compensation contained a statement that the respondent's address was "Paul T. Mc-Cully, c/o (here was stated name of law firm), Box 95, Harrisonville, Missouri." The insurer, without a hearing, agreed to pay claimant's compensation at the rate of $15.38 per week. An order to that effect was made, and pursuant thereto, said insurer issued, as they each became due, four drafts the whole aggregating $107.68 which covered such expense and his disability for nine weeks from January 11 to March 14, 1931. Insurer sent each of these drafts, through the mail, to respondent at the address given in the claim for compensation as hereinbefore stated. When the aforesaid law firm received these drafts through the mail they were endorsed by said firm writing respondent's name on the back thereof with the name of one of the firm immediately underneath, and said drafts were thereupon cashed by said firm and were paid by the insurer. After the last of these four drafts had been sent, insurer was advised that the address of claimant, now respondent, was changed to "340 Christopher Avenue, Warrensburg, Missouri;" and thereafter the remainder of the compensation drafts payable to respondent were forwarded to him at that address. The insurer has issued drafts in the total amount due the employee for his injury and they have been paid by the insurer. Respondent concedes he has received $46.14 out of the four drafts sent to the attorneys and $39.96 in expense money from the insurer.

After the last or all the said drafts was issued and paid, respondent employed counsel now representing him in this case, and through said counsel, caused employer and insurer to be again brought before the Workmen's Compensation Commission for a hearing which was had on August 11, 1931, in which was found the facts as hereinbefore stated but said body refused to order the insurer to again pay the $107.68 cashed by said firm of attorneys, less $46.14 paid to respondent by said firm. In effect it was ruled that the drafts, payable to McCully and sent to him in care of the attorneys named in the claim for compensation, were, under the circumstances of this case, payments to the respondent; and that the commission could not legally require the insurer to pay the amount in controversy a second time, citing Strong v. Missouri-Lincoln Trust Company, 263 S. W. 1038, and authorities therein, as supporting such ruling. Thereupon employee appealed to the Circuit Court of Cass County which rendered

judgment reversing the above ruling, and ordering employer and insurer to pay respondent the amount which he has not received from the drafts cashed by said firm of attorneys. From this judgment employer and insurer have appealed to this court.

We think that the circuit court erred in so deciding. Claimant McCully employed or requested said Harrisonville firm of lawyers to prepare and file his claim for compensation and, in this, claimant's address was given as "Paul T. McCully, Harrisonville, Missouri," in care of said attorneys as stated above; and said firm was given as claimant's attorneys. After the weekly compensation had been ascertained and agreed upon, said four drafts, each of which was payable to claimant, were, as they fell due, mailed to him in care of said firm, that being the address and the only address furnished employer and insurer. These four drafts were cashed by the lawyers and all but $46.14 was retained by them which last named sum was sent by them to respondent. Now, the plaintiff-claimant seeks to compel the employer and insurer to pay a second time the amount so retained by his lawyers.

In the first place, under Section 3342, Revised Statutes of Missouri 1929, 12 Missouri Statutes Annotated, page 8275, the circuit court on appeal, can review only questions of law and may modify, reverse and remand for rehearing, or set aside the award, upon any of the following grounds and no other:

1. That the commission acted without or in excess of its power.

2. That the award was procured by fraud.

3. That the facts found by the commission do not support the award.

4. That there was not sufficient evidence in the record to warrant the making of the award.

There is no showing whatever that any of the four grounds of interference existed and no evidence to show that the commission acted without or in excess of its power nor that the ruling or award was procured by fraud, but, instead of the facts found by the commission failing to support the award, it is, on the contrary, manifest that the ruling or award *is* supported by the facts and there is sufficient competent evidence to warrant the ruling or award denying the claimant the right to recover the amount herein sued for from either the employer or insurer. The circuit court was bound and concluded by the findings of fact on the part of the commission which findings have the same sanction, force and effect as the verdict of a jury. [Hager v. Pulitzer Pub. Co., 17 S. W. (2d) 578; Woods v. American Coal & Ice Co., 25 S. W. (2d) 144.] The sufficiency of the evidence to sustain the findings of fact by the Workmen's Compensation Commission must be determined only from the evidence most favorable to that finding. [Bricker v. Gille Mfg. Co., 35 S. W. (2d) 662.] But, as said before, there is no controversy over the facts. It

is merely a question of law as to the sufficiency of the payment by insurer of the four drafts in question which, at the direction of the claimant, were sent to the address given and were cashed by his said attorneys. It is true, an attorney has no right to receive payment of a judgment in favor of his client in anything but money; but he has implied authority, upon receipt of a check therefor, to endorse said check for the purpose of collecting same, and when the money thereon has been thus collected, the same constitutes a payment on the part of the judgment debtor. [Brown v. Grimes, 129 N. E. 483, l. c. 484, and authorities cited.] In the absence of any authority to that effect, the acceptance of a check would not amount to a payment of a judgment by the judgment debtor; but when the money has been collected on said check that does amount to such payment. And under the circumstances of this case where the attorneys have retained a portion of the money and have refused to turn it over to their client (either rightfully or wrongfully, of which we know nothing), the remedy, if any, on the part of claimant is not against the judgment creditor to compel him to pay the debt a second time, but is against other parties, which we are under no obligation to specify in this opinion. [Strong v. Missouri-Lincoln Trust Co., 263 S. W. 1038.] This case has been cited with approval in the case of Universal Car Loading & Distributing Company v. South Side Bank, 27 S. W. (2d) 768, l. c. 770. We think it clear that the commission's ruling was correct and the circuit court erred in its order overruling it. [Union House-Furn. Co. v. National Bank of Commerce, 53 S. W. (2d) 1067.] The judgment of the circuit court is therefore reversed and the cause is remanded to the circuit court with directions to reinstate the order of the commission and enter final judgment in accordance with such order. All concur.