25805.   CITIZENS AND SOUTHERN NATIONAL BANK
*v.* DAVIS, trustee.

DECIDED NOVEMBER 25, 1936.

*Alston, Alston, Foster & Moise, Henry J. Miller,* for plaintiff in error.

*Watkins, Grant & Watkins, Allan Watkins,* contra.

JENKINS, P. J.   The defendant in error entrusted a certain note to an attorney for collection, with specific instructions that the attorney was to receive from the debtor a check payable to the order of the defendant in error, have it certified by the drawee bank, and then forward it to him.   The attorney, after having the check certified, indorsed it with the payee's name, "Henry N. Davis, trustee—by H. P. McLain," so signing his own name, and turned the check over to a third person, who, after indorsing his name, obtained the money from the drawee bank, which had no knowledge of the attorneyship relation or of any private instructions from the client to the attorney, and paid the proceeds to the attorney.   The attorney not having remitted to the payee creditor, the latter sued the bank for the amount of the certified check.

■ It is the general rule that a drawee bank is liable to the true payee of a check, which it has certified at his instance, if it pays out the money under a forged or unauthorized indorsement of his name, unless the payee is precluded, by his ratification, negligence, or facts creating an estoppel, from setting up the forgery or want of authority.   At its peril, the bank must know that the one to whom it pays such an indorsed check prima facie had authority to make the indorsement, and its mere good faith is no defense.   Beutel's Brannan's Neg. Inst. 280-287, 294, 1055-1075; 1 Morse on Banks (6th ed.), 914, 916, § 414; 2 Id. 1060, 1061, § 474; Knoxville Water Co. *v.* East Tenn. Nat. Bank, 123 Tenn. 364 (131 S. W. 447) ; Chamberlain Metal Co. *v.* Bank of Pleasanton, 107 Kan. 79 (190 Pac. 742, 12 A. L. R. 97) ; 7 C. J. 686, 692, 693.

2.   The abstract question whether a collecting attorney is prima

facie clothed with authority to indorse a check made payable to the order of the client, has not been directly adjudicated in this State, and the foreign authorities are in conflict. As to cases holding that such a right exists, see Brown v. Grimes, 74 Ind. App. 655 (129 N. E. 433); Bailey v. U. S., 13 Fed. (2d) 325; Nat. Bank v. Old Town Bank, 112 Fed. 726; In re Brasher, 275 Fed. 481; Harbach v. Colvin, 73 Iowa, 638 (35 N. W. 663); McCully v. Kelley-Dempsey Co., 227 Mo. App. 775 (57 S. W. (2d) 784); Nat. Fire Ins. Co. v. Equitable Building & Loan Asso., 88 N. Y. 863; North End Paper Co. v. State Bank, 198 Ill. App. 242; Holliday v. Thomas, 90 Ind. 398; Black v. Drake, 2 Colo. 330; Wiley v. Mahood, 10 W. Va. 223. See contra: Brown v. Peoples Nat. Bank, 170 Mich. 416 (136 N. W. 506, 40 L. R. A. (N. S.) 657); Chatham Nat. Bank v. Hochstadter, 11 Daly (N. Y.), 343; Jacoby v. Pason, 91 Hun, 480 (36 N. Y. Supp. 240); Porges v. U. S. Mortgage & Trust Co., 203 N. Y. 181 (96 N. E. 424); Crane v. Mercantile Trust Bank, 195 Ill. 375 (129 N. E. 120); Jackson Paper Co. v. Commercial Nat. Bank, 199 Ill. 151 (65 N. E. 136, 59 L. R. A. 657, 93 Am. St. R. 113). See also *Sonnebom* v. *Moore*, 105 *Ga.* 497 (30 S. E. 947); *Crane* v. *Atlanta-Lowry Nat. Bank*, 40 *Ga. App.* 83 (149 S. E. 58); *Patterson* v. *So. Ry. Co.* 41 *Ga. App.* 94, 96 (151 S. E. 818). However, in the instant case, the person purporting to indorse the check in the name of the payee creditor did not assume to act for him and on his behalf as attorney, but merely signed the name of the creditor by his own name. Since it appears that the attorney was specifically prohibited by the creditor from indorsing the check, and since he did not purport or assume to do so in his capacity as attorney, the indorsement of the name of the client followed merely by the personal signature of the attorney would not operate to bind the client, even though it should be assumed that a collecting attorney ordinarily has authority, as such, to indorse a check made payable to the order of his client, and even though the bank, which had no knowledge that the person indorsing the client's name was his attorney, also had no knowledge in cashing the check of any private instructions to the attorney prohibiting such an indorsement. See *Swicord* v. *Waxelbaum*, 23 *Ga. App.* 297 (2), 299 (97 S. E. 891). Accordingly, since the attorney not only had no actual authority from the client to indorse the check, but did not purport or assume

838

to act on any implied authority as attorney, the bank would not be protected under any prima facie right as attorney, which the indorser might have exercised but failed so to do.

*Judgment affirmed.  Stephens and Sutton, JJ., concur.*