## WALTON GUANO COMPANY *v.* McCALL *et al.*

1. Agency to sell does not necessarily carry with it authority to collect.
2. If the debtor by promissory note makes a payment thereon to one claiming to be an agent for collection, it is incumbent on the former to see that the latter is in possession of the security ; for, if he is not, the debtor will be liable to pay again, unless the person making the collection had authority to collect the sums due his principal, or the money actually reached the owner.
3. Such authority is not shown by proving occasional instances of receiving partial payments upon a promissory note, in each of which the person so doing produced the paper and entered the credit.
4. The defense of payment set up in the present case was not sustained by evidence, and consequently the court erred in not setting aside the verdict returned in favor of the defendant.

Submitted May 28, — Decided June 7, 1900.

Complaint. Before Judge Smith. Wilcox superior court. September term, 1899.

*Cutts & Lawson,* for plaintiff.
*Bankston & Cannon,* for defendant.

Lewis, J. This was a suit brought in the county court of Wilcox county, against the defendants upon a promissory note for $256, given for a certain quantity of guano bought by defendants from plaintiff. The suit was for a balance of $47.30 due on the note, besides interest and attorney's fees. Upon the note were divers credits, which seem to have reduced the principal amount to the amount sued for. To the suit an answer was filed, denying that there was anything due on the note, and claiming that defendants had fully paid to one Nasworthy, agent of plaintiffs, besides the credits appearing on the note, the following items: January 5, 1895, tie-timber, $42.57; March, 1895, 100 bushels cottonseed, $12.50; November, 1894, 17 cross-ties, $2.06. The case was appealed to the superior court of Wilcox county, and, after the evidence was introduced, the jury returned a verdict for defendants. Plaintiff moved for a new trial upon the general grounds that the verdict was contrary to law and the evidence, and excepts to the judgment of the court below overruling this motion.

Plaintiff introduced in evidence the note sued upon, and closed its case. The testimony in behalf of defendants was sub-

stantially as follows:    Nasworthy sold guano in 1894, and defendants bought guano from him, giving the note sued on.    It seems that Nasworthy was an agent of plaintiff for the sale of guano.    At various times defendants made payments to Nasworthy in property, as shown by the credits on the note.    These payments were credited on the note, and he always had the note when the payments were made.    Defendants had never heard that plaintiff was engaged in buying and selling ties, and they did not know whether it was engaged in that business or not. In addition to the credits that appeared on the note, in the fall of 1894 or first of 1895 one of the defendants paid Nasworthy cross-ties to the amount of $42.57, which he agreed to credit on the note, but he never did so.    Nasworthy was at that time engaged in cutting and shipping cross-ties, and was buying cross-ties from others.    He had these cross-ties cut.    Defendants did not know that he expected to ship them to plaintiff.    Another defendant testified that he paid Nasworthy 100 bushels of cottonseed at $12\frac{1}{2}$ cts. per bushel, who stated that he would credit the value of this cottonseed, to wit $12.50, on the note.    It was not known that the cottonseed was to be shipped to plaintiff. It was simply sold to Nasworthy, with an agreement on his part that it was to be credited upon the note.    Another defendant testified that he paid Nasworthy 17 cross-ties at 18 cts. each; that Nasworthy was at that time engaged in the cross-tie business.    There was no agreement that these ties were to be shipped to plaintiff.    They were simply bought by Nasworthy with an agreement that he would credit them on the note.    The note was turned over to plaintiff's attorney for suit by Nasworthy.

We do not think the evidence in this case was sufficient to sustain a verdict for the defendants.    An agency to sell does not necessarily carry with it authority to collect.    The evidence clearly established that the party with whom the defendants dealt was an agent of the plaintiff for the sale of its guano, but there is nothing in the testimony to show that he was its general agent to collect these debts.    There was, however, proof that he had this note in his possession, and that he made the entry of credits which appear thereon.    There is no dispute about these credits; but the fact that this agent had occasionally received partial payments upon a promissory note is not

proof of his authority to receive the credits claimed in the defendants' answer to havè been paid in addition to what appears on the note. It seems those payments were made by sales of property to Nasworthy for his individual use and purpose. There was no evidence that Nasworthy then had the note at all, or that the property ever reached the hands of the plaintiff, or was ever bought for the plaintiff. As a general rule a special agent or attorney to collect a debt is not authorized to receive anything as a payment thereon except actual cash, and a payment to him by settling his individual debt, or turning over property to be used by him, would not be a payment to his principal. *Kaiser* v. *Hancock,* 106 *Ga.* 217; *Hodgson* v. *Raphael,* 105 *Ga.* 480; *Sonnebom* v. *Moore,* 105 *Ga.* 497; *Bank* v. *Tuck,* 96 *Ga.* 456; *Mitchell* v. *Printup,* 68 *Ga.* 677; *Bostick* v. *Hardy,* 30 *Ga.* 836. When these defendants, therefore, made payments on the note, as they claim, by selling to this agent for his individual use crossties and cottonseed, diligence would require of them to have found out whether or not, to say the least of it, he had the note for collection at the time; and even this would not have bound the principal without some special authority given the agent to receive payments in this way. The evident purpose of defendants was to cancel the note by selling to the agent property for his own use, and not that of his principal, and of course, without ratification of the principal, such method of payment would not constitute a valid credit upon the note. There was not only no evidence of the ratification by plaintiff of these payments insisted upon by defendants, but not even any proof that plaintiff had any knowledge that any such payments were ever made, or ever derived any benefit therefrom. See the case of *De Vaughn* v. *McLeroy,* 82 *Ga.* 700, where it is said that, "to bind a person by a ratification of an illegal or void act, it must be shown that such person had full knowledge, at the time of the alleged ratification, of the facts which make such act illegal or void." We therefore conclude that the defense of payment set up in the present case was not sustained by evidence, and that the court erred in not granting a new trial.

*Judgment reversed. All concurring, except Fish, J., absent.*