NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, CONNECTICUT, v. EASTERN BUILDING & LOAN ASSOCIATION OF SYRACUSE, NEW YORK.

FILED JULY 1, 1902.   No. 10,992.

Commissioner's opinion, Department No. 3.

Draft: OFFICER OF CORPORATION: DEBT: THIRD PARTY: PROMISSORY NOTE. A draft, drawn by an authorized agent of a corporation, on such corporation or the treasurer thereof in favor of a third party, for a debt due such third party from the corporation, is, in effect, the promissory note of the corporation.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J. Rehearing of case reported in 63 Nebr., 698. *Judgment of reversal adhered to.*

*Lodowick F. Crofoot* and *Thomas Creigh,* for plaintiff in error.

*E. G. McGilton* and *James McCabe, contra.*

ALBERT, C.

This case is before us on rehearing. The former opinion is reported in 63 Nebr., 698. It is not necessary to re-iterate the facts there stated. On the former hearing, the point most strongly pressed by the plaintiff was that Mr. Trotter had no authority to indorse the draft issued by the adjuster of the defendant on the adjustment of the

loss, for the purpose of receiving payment thereon of the plaintiff's share of the amount agreed upon on such adjustment. We held that his authority to collect the amount due the plaintiff on the policy of insurance carried with it authority to indorse such draft. A reargument has confirmed us in that view, and the case of *National Bank of the Republic v. Old Town Bank of Baltimore,* 112 Fed. Rep., 726, reported since the former opinion was filed, holds the same doctrine.

But it is now insisted that Mr. Trotter had no authority to collect the amount of the loss due the plaintiff. To our minds the evidence is convincing that he had such authority, but, because of the turn the argument took on the rehearing, we do not deem it necessary to go into that question. He had authority to adjust the loss; at least the plaintiff is in no position to assert that he had not, because in this action it makes such adjustment the basis of its claim against the defendant. The adjustment of such loss gave rise to a new contract between the parties. Throughout the correspondence between the plaintiff and Mr. Trotter, which followed the adjustment of the loss, the draft in question was recognized by the plaintiff as a part of such new contract. The plaintiff can not insist on a part of the contract and reject the remainder. It was a part of the contract of the adjustment of the loss that the draft should be placed in the hands of a third party to be collected, and the proceeds divided, and paid by him to the plaintiff and McKim, when they should agree upon the amount to be paid them, respectively. It was delivered to such third party in pursuance of that agreement. The draft, drawn, as it was, by one officer of the company on another officer of the same company, in favor of the plaintiff and McKim, was neither more nor less than the promissory note of the company, payable on demand. *Fairchild v. Ogdensburgh, C. & R. R. Co.,* 15 N. Y., 337; *Spooner v. Rowland,* 4 Allen [Mass.], 485; *Clark v. City of Des Moines,* 19 Ia., 199. Neither the indorsement of the plaintiff nor McKim was necessary to enable such

third party to collect the amount due on such instrument. From the foregoing, it is clear, we think, that a discussion of the authority of Mr. Trotter to indorse the draft would serve no useful purpose in this case. The draft was presented for payment by the third party, in pursuance of the agreement of the parties thereto, and was paid to him. The liability of the defendant ended with such payment. If the plaintiff has any remedy it is not against the defendant in this case.

It is recommended that the former opinion be adhered to, and that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion it is ordered that the judgment heretofore rendered by this court be adhered to and that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.