## 3217.   ROGERS *v.* TIEDEMAN.

The exceptions of law raised by the record are entirely without merit; and the verdict for the plaintiff is strongly supported by the evidence.
·DECIDED OCTOBER 10, 1911.

Complaint; from city court of Reidsville—Judge Morgan.   December 31, 1910.

*Way & Burkhalter,* for plaintiff in error.

HILL, C. J.   George W. Tiedeman brought suit against J. H.

Rogers on an account with itemized bill of particulars. The defendant admitted the correctness of the amount of the account, but insisted that he paid it by giving two drafts for the amount of the account, drawn by D. A. Hodges on the Southern Pine Company, Savannah, Ga., and payable to himself, which he indorsed and delivered to the agent of the plaintiff, who accepted the drafts in payment of the account. He further defended on the ground that the plaintiff was guilty of negligence in not presenting the drafts to the drawee within a reasonable time; that if the drafts had been presented within a reasonable time to the drawee, they would have been paid; that the delay in presenting them for payment resulted in their becoming worthless, for the reason that the drawer in the meantime had become insolvent; that at the time the drafts were given to the defendant by D. A. Hodges he was solvent and amply able to have paid them if the drawee had failed to accept or to pay them; that at the time he accepted the drafts from Hodges he did so in payment of a debt which he held against Hodges, and since the laches of the plaintiff in presenting the drafts for collection or acceptance they had been rendered worthless, and he would lose his debt by this want of diligence on the part of the plaintiff, and for this reason he should be released from payment of the account sued on.

1. In support of his first defense the defendant testified that he had delivered a draft on the Southern Pine Company of Savannah for $66, drawn to his order, by D. A. Hodges, to the agent of the plaintiff, who accepted the draft as a credit on the account. The jury were fully authorized, under the evidence, to believe that the agent of the plaintiff who accepted the first draft from the defendant did so simply for the purpose of collecting it and applying the proceeds on the account. The undisputed evidence is that this agent had no authority to receive anything in payment of the account of his principal except the money.

2. It certainly will not be presumed that the agent had authority to accept the drafts in payment of the debt due his principal. The defendant failed absolutely to prove the two defenses relied upon. On the contrary, the evidence clearly shows that the drafts were presented by the plaintiff to the Southern Pine Company, the drawee, which refused to pay them, on the ground that the drawer had no funds in its hands with which to pay them. While it

does not distinctly appear when the plaintiff presented the drafts to the drawee for payment, there is no evidence whatever in support of the proposition that he delayed their presentation unreasonably. But any delay would have been entirely harmless so far as the payee of the drafts was concerned, because the drawer himself testified that he did not know whether he had sufficient funds in the hands of the drawee to pay these drafts when he drew them and delivered them to the defendant; that at that time he himself was indebted to the drawee.

3. The second defense relied upon is that the defendant had indorsed the drafts, and as indorser thereof was entitled to notice of their dishonor, and that a failure to give this notice to him relieved him from the payment of the debt which he owed to the plaintiff. Of course, there is no merit in this defense. If the suit had been against him on the drafts as indorser thereof, he would not have been entitled to any notice of dishonor. Neither the drawer nor the indorser of a domestic bill of exchange not to be negotiated nor left for collection at a chartered bank is entitled to notice of dishonor. *Bank of Richland* v. *Nicholson*, 120 *Ga.* 622 (48 S. E. 240). It seems to us that the verdict in this case, under the evidence, is so strongly supported, and the exceptions of law are so barren of merit, that the judgment refusing a new trial should be affirmed, and ten per cent. damages awarded against the plaintiff in error for the delay consequent upon the suing out of the writ of error. *Judgment affirmed, with damages.*