242    APPELLATE COURTS OF ILLINOIS.

North End Paper Co. v. State Bank of Chicago, 198 Ill. App. 242.

---

## North End Paper Company, Plaintiff in Error, v. State Bank of Chicago, Defendant in Error.

## Gen. No 21,188.

ATTORNEY AND CLIENT, § 61*—*when attorney implied authority to indorse check received in payment of collection to bank.* In an action of trover for the conversion of a check, of which plaintiff, a foreign corporation, payee, and defendant, a local bank, indorsee and which had been converted after it had been indorsed to defendant by a local attorney, who had been instructed by plaintiff's foreign attorney to collect a local account from plaintiff's debtor, where such account was paid in part by such check drawn to plaintiff's order and where plaintiff's foreign attorney instructed the local attorney to remit amount collected less fees and enough to start suit on the balance, and such local attorney indorsed the check with plaintiff's name and his own to defendant bank which credited his account therewith, *held,* that the local attorney had implied authority to indorse the check to the bank and that there could consequently be no recovery against the latter.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Error to the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1915.   Affirmed.   Opinion filed March 9, 1916.

CAVENDER, KAISER & WERMUTH, for plaintiff in error.

BUTZ, VON AMMON & JOHNSTON, for defendant in error.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

The North End Paper Company, a New York corporation having its principal office at Fulton, New York, brought an action against the State Bank of Chicago, in the County Court of Cook county, in trover for the conversion, on March 25, 1914, of a certain bank check for the sum of $330.92.   The check was drawn by Hanchett Paper Company, a corporation having its principal office in Chicago, Illinois.   The defendant filed a plea of the general issue.   The case was tried before the court without a jury upon a stipulation of facts.   The court found the defendant not guilty and entered judgment against the plaintiff for costs.

The facts as stipulated are, in substance as follows: On March 13, 1914, Claude E. Guile, an attorney at law at Fulton, New York, was duly authorized by plaintiff to forward, and did forward, for collection, to Percival Steele, then a duly licensed attorney at law in Chicago, a claim of plaintiff against said Hanchett Paper Company for the sum of $616.26.   In the letter which accompanied the claim, Guile stated that it was important to his client (plaintiff) that the collection of the claim be made at once and that Steele should "leave no stone unturned to get the money," and requested Steele to wire if the claim was not paid on presentation.   On March 17th Steele wrote Guile that Hanchett Paper Company had stated to him that it

244     APPELLATE COURTS OF ILLINOIS.

North End Paper Co. v. State Bank of Chicago, 198 Ill. App. 242.

would pay all or one-half of the account by Wednesday, March 25th, and that he thought it advisable to wait until that date. On March 30th Guile wired Steele inquiring if the account had been paid, to which Steele wired a reply and also wrote a letter to the effect that the Hanchett Paper Company had given him a check for $330.92, and had promised payment of the balance on April 15th, and that in view of the payment he deemed it advisable to wait. On April 2nd Guile wired in reply: "Please remit amount collected North End against Hanchett Paper Company, *less fees and less enough to start action on balance.*" Guile on the same day wrote Steele, confirming the telegram and saying: "Unless these debtors will promise to pay the interest on this account, and your fees for collection, we want you to bring an action against them for the balance due and the interest on the whole account at once." On the morning of April 3rd Steele died. In the meantime, on March 25th, the Hanchett Paper Company had delivered to one Hoering, a duly authorized agent of Steele, its check for $330.92, payable to the order of "North End Paper Co.," and drawn on the National City Bank of Chicago, where it then had funds on deposit. Hoering, with Steele's authority, took the check to the defendant bank, where for a long time previously Steele had had a checking account, and indorsed the check "North End Paper Co.," and immediately thereunder, "Percival Steele," and deposited the same to the credit of Steele's account with the defendant bank, and said check was regularly paid through the Chicago Clearing House on March 26th. At the time the check was deposited Steele's account with the defendant bank was overdrawn in the sum of $39.86. Afterwards checks were drawn by Steele and charged to said account, and at the time of his death, April 3rd, there remained to his credit, including the credit of said check for $330.92, the sum of $113.99. Plaintiff received no part of the proceeds of said check.

Counsel for plaintiff contend that an agent, or attorney at law, employed to collect a claim and to compound, discharge and give releases therefor, who receives in payment of said claim a check payable to the order of his client, has no authority to indorse said check in the name of his client unless such authority is *expressly* given.  Counsel for defendant, on the other hand, contend that, under the facts of this case, where it appears that Steele was employed by the authorized agent of plaintiff to make a collection for plaintiff and was expressly instructed to "leave no stone unturned to get the *money,*" and that plaintiff was at a place far distant from where Steele and plaintiff's debtor resided, Steele had at least *implied* authority to indorse plaintiff's name to the check in question received in due course of his employment, and that defendant is not liable to plaintiff in the present action.

Under all the facts of this case and under the following adjudicated cases, we are of the opinion that the trial court did not err in rendering the judgment in favor of defendant. (*National Bank of Republic v. Old Town Bank of Baltimore,* 112 Fed. 726; *National Fire Ins. Co. v. Eastern Building & Loan Ass'n,* 63 Neb. 698; *Same v. Same,* 65 Neb. 483, 485.)  In the case first cited the facts were somewhat similar to the facts in the present case.  A Chicago attorney, named Fairman, had received certain checks payable to the order of his clients in payment of certain sums of money which they had employed him to collect and which were due them from certain executors.  He indorsed the checks in the names of his clients and deposited them to the credit of his account with the National Bank of the Republic of Chicago and they were subsequently paid.  He had no *express* authority from his clients to indorse any of said checks, aside from such authority as may have been vested in him by virtue of his employment.  He failed to pay over

246 APPELLATE COURTS OF ILLINOIS.

North End Paper Co. v. State Bank of Chicago, 198 Ill. App. 242.

to his clients all of the money due them and suit was brought against said bank. The United States Circuit Court of Appeals, for the Seventh Circuit, held that there could be no recovery against said bank, and in the course of the opinion said (pp. 727-729):

"The authority to collect and to receive from the executors the amount coming to the distributees included all the usual means of executing that authority with effect, * * * and all appropriate modes and reasonable modes are deemed to be within the scope of the authority conferred. * * * The authority is limited to the particular subject, but should be construed to effectuate the design and object. The authority of an attorney in the course of a litigation and in the prosecution and collection of claims has been often considered, but the courts have not at all times been at agreement. * * * There appears a tendency to relax the strict limitation of implied authority to meet the necessity of prompt action in modern business methods, particularly when client and attorney are at considerable distance from each other. After all, the question of authority must depend, as Mr. Mechem observes, largely upon circumstances; and 'authority to do a given act carries with it the implied authority to do those things which are necessary in order to accomplish the main end, and what is necessary must be determined in many cases by reference to the particular facts.' Mechem, Ag. sec. 816. In the case at bar, Fairman, the attorney for the legatees, alone was authorized to receive from the executors the amount coming to the distributees. It was also his duty to take only money in payment of the claims. * * * Fairman was authorized to collect this money, and for that purpose to execute these indorsements upon the checks. His clients were scattered, some of them in distant states. * * * The checks were not payment to him of that amount. They were but a convenient mode or means of remitting to him the money collected. * * * We do not mean to say that the implied authority of an attorney authorizes an indorsement of his client's name in such way as to bind the

client as an indorser, but that, under the circumstances of this case, Fairman was authorized to collect the money of his clients, and for that purpose to make these indorsements as a proper means to that end. The indorsement was availing to protect the drawer of the check, and that is sufficient.''

We think that the decision and the language of the opinion are particularly applicable to the facts of the present case. The judgment of the County Court is affirmed.

*Affirmed.*