### 7510. BAKER *v.* ARMOUR FERTILIZER WORKS.

HODGES, J. The Armour Fertilizer Works sued Baker upon two promissory notes. He pleaded a written contract in connection with which the notes were given, and further set up that under an agreement alleged to have been made with an agent of the plaintiff after the maturity of these notes, the plaintiff took in payment of them certain other notes, and was to return the original notes, and that he was thereby discharged from liability on the notes sued on. No legal evidence was offered to establish the agency or authority of the alleged agent to make the agreement. The alleged agent did not have the notes alleged to have been paid. Where money is due on a written evidence of debt, payment to an alleged agent, not having in his possession the obligation, is at the risk of the person paying. Civil Code, § 3578. "If the debtor by promissory note makes a payment thereon to one claiming to be an agent for collection, it is incumbent on the former to see that the latter is in possession of the security; for, if he is not, the debtor will be liable to pay again, unless the person making the col-

lection had authority to collect the sums due his principal, or the money actually reached the owner." *Walton Guano Co.* v. *McCall,* 111 *Ga.* 114 (36 S. E. 469). The declarations of the alleged agent were insufficient.to establish agency and authority to collect. The defendant failed to establish his plea, and the court did not err in directing a verdict in favor of the plaintiff.                    *Judgment affirmed.*

DECIDED SEPTEMBER 21, 1916.

Complaint; from city court of Thomasville—Judge W. H. Hammond.   March 31, 1916.

*Fondren Mitchell,* for plaintiff in error.