### 7200.   LYNCHBURG SHOE COMPANY v. GLADNEY.

An attorney holding a client's claim for collection can not, without special authority from his client, bind the client by an agreement to credit on the claim an amount due by the attorney, or to assume and credit thereon the debt of another to the client's debtor.

DECIDED DECEMBER 21, 1916.

Complaint; from city court of Carrollton—Judge Beall. November 23, 1915.

*Buford Boykin, Raymond Robinson,* for plaintiff.

*John W. Overton, Leon Hood,* for defendant.

WADE, C. J. According to the testimony of the defendant, the indebtedness of a tenant to the defendant was to be assumed by the attorney at law who held for collection the claims of the plaintiff, as the tenant wished to terminate his contract relations with the defendant and to become a tenant of the attorney; and this amount, together with an additional amount due the defendant by the attorney himself on his individual note, was, by agreement between them, to be credited on the plaintiff's claims; and, according to the testimony of the defendant, the attorney offered to pay the defendant the amount due by the tenant, but the defendant refused this offer and directed that the said amount, as well as the amount due on the attorney's individual note, be applied as a credit on the claims of the plaintiff then held by the said attorney for collection; but the defendant further testified that he did not know whether the attorney "had any money with him or not," and the evidence did not disclose that any cash was tendered, or even exhibited, at the time the alleged agreement was made, or that any money or other thing of value to the plaintiff was ever in fact delivered to the attorney, for the benefit of the plaintiff. "Without special authority, attorneys can not receive anything in

discharge of a client's claim but the full amount in cash." Civil Code, § 4956. See also *Patterson* v. *Childs,* 9 *Ga. App.* 646 (72 S. E. 45) ; *Bell* v. *Kwilecki,* 11 *Ga. App.* 9 (74 S. E. 444) ; *Kaiser* v. *Hancock,* 106 *Ga.* 217 (32 S. E. 123). "As a general rule a special agent or attorney to collect a debt is not authorized to receive anything as a payment thereon except actual cash, and a payment to him by settling his individual debt, or turning over property to be used by him, would not be a payment to his principal." *Walton Guano Co.* v. *McCall,* 111 *Ga.* 114, 116 (36 S. E. 469), and cases there cited. There was no evidence that the attorney in this case had any special authority to accept, as payment to the plaintiff, the attorney's own indebtedness, or a transfer of an amount due the defendant by another, and it is apparent that, as in *Walton Guano Co.* v. *McCall,* supra, the purpose of the defendant was to obtain a credit on his indebtedness to the plaintiff by, in effect, conveying "to the agent property for his own use, and not that of his principal; and, of course, without ratification of the principal, such method of payment would not constitute a valid credit upon the note." There was no evidence of ratification. The evidence did not authorize the verdict, nor did it support the plea which set up a payment in cash to the collecting agent of the plaintiff; and therefore the trial judge erred in overruling the motion for a new trial.            *Judgment reversed. Broyles, J., concurs.*