## 27526. JOHN BEAN MANUFACTURING COMPANY *v.* CITIZENS BANK OF GAINESVILLE.

DECIDED SEPTEMBER 16, 1939.

*Jackson & Garner,* for plaintiff.

*Herbert R. Edmondson,* for defendant.

GUERRY, J. The John Bean Manufacturing Company brought its action against the Citizens Bank of Gainesville, Georgia, to recover money paid by the bank under the following conditions, and we adopt in the main the statement of facts set out in the brief of the plaintiff: The John Bean Manufacturing Company "placed in the hands of Hope & Fox, attorneys, of Gainesville, Georgia, a claim for collection. This claim was paid to said Hope & Fox by a check made payable to order of John Bean Mfg. Co. . . The said Hope & Fox endorsed the name of the John Bean Manufacturing Company, by Hope & Fox, Attys., Gainesville, Georgia," on the check, "and deposited it to their credit in the Citizens Bank of Gainesville," the defendant. The check carried the following notation: "This check is in full settlement of account as shown hereon. Acceptance by endorsement considered receipt in full to John Bean Mfg. Co." The defendant demurred generally and specially. The court, after argument, ordered that the "demurrer" be sustained and the action dismissed. The plaintiff excepted. Under the facts of the case there seems to be no question that the attorneys were acting within the scope of their authority as agents to make the collection on behalf of their client, and that in cash, for remittance to the client. The only questions arising are whether the attorneys had authority to indorse the name of their client, by themselves as attorneys, on a check payable to the client, and secure payment thereof for deposit to their credit in the bank; whether such action by the attorneys resulted in forgery; and whether under all the circumstances the participating bank was liable to the payee, John Bean Manufacturing Company, the client of the attorneys.

It is well settled that upon a claim being placed with an attorney at law for collection, unless the contrary clearly appears, the attorney has no authority to accept and remit to his client anything other than money. The Code, § 9-606, declares: "Without special authority, attorneys can not receive anything in discharge of a client's claim but the full amount in cash." See *Bell v. Kwilecki,* 11 *Ga. App.* 9 (74 S. E. 444). "An attorney holding a client's claim for collection can not, without special authority from his client, bind the client by an agreement to credit

on the claim an amount due by the attorney, or to assume and credit thereon the debt of another to the client's debtor." *Lynchburg Shoe Co.* v. *Gladney,* 19 *Ga. App.* 96 (90 S. E. 1044). Nor may he accept property to be used by him, and bind his principal as payment of the claim. *Walton Guano Co.* v. *McCall,* 111 *Ga.* 114, 116 (36 S. E. 469). Nor may he receive property other than money as money. *Patterson* v. *Childs,* 9 *Ga. App.* 646 (72 S. E. 45). Nor may he receive the drafts of third persons payable to the debtor and indorsed by the debtor for payment of his client's claim. *Rogers* v. *Tiedeman,* 9 *Ga. App.* 811, 812 (72 S. E. 285). "An attorney who holds a claim for collection has no authority to receive anything in payment of such claim except lawful and generally accepted money or currency, unless especially authorized to do so by his principal, and hence can not ordinarily take promissory notes, drafts, warrants, deeds of trust, or land in satisfaction of the claim. It is clear that the attorney can not credit his own indebtedness to the client's debtor against his client's claim." 5 Am. Jur. 299, § 69. However, the main purpose of the collection is to *secure the cash;* and we think that anything immediately incidental or necessary thereto is within the scope of the authority of the attorney in legally effectuating the collection. The following language of the Code, § 4-301, is apropos: "The agent's authority shall be construed to include all necessary and usual means for effectually executing it." See *Johnson* v. *Johnson,* 184 *Ga.* 783 (193 S. E. 345). It was said in *Holman* v. *Georgia Railroad,* 67 *Ga.* 595: "Authority to an agent to do a thing generally includes authority to do everything usual and necessary for accomplishment of the main object. Hence authority to sell personalty includes authority to deliver it." The premise here that justifies the conclusion, applies with equal force to the instant case. "Where an agency is created for the performance of an act beneficial to the principal, all the usual modes and means of accomplishing the objects of the agency are included in its creation, unless the contrary clearly appears." *Strong* v. *West,* 110 *Ga.* 382 (35 S. E. 693).

"As a general rule an attorney can indorse his client's name to negotiable instruments payable to the order of his client only when he has been expressly authorized to do so. . . However, the power to make an indorsement has been implied where it is

a mere matter of form to enable the attorney to effect the purpose for which he was employed by the client; and where an attorney having authority to obtain payment of a claim or judgment receives from the debtor a check payable to the order of the client, which the attorney has no authority to accept in payment of the debt, it is frequently held that the attorney has implied authority to indorse the check in order to collect the same and thereby obtain an ultimate payment in cash which is within his authority and will bind the client. North End Paper Co. v. State Bank of Chicago, 198 Ill. App. 242; Brown v. Grimes, 74 Ind. App. 655; McCully v. Kelly-Dempsey Co., 227 Mo. App. 775 [57 S. W. 2d, 784]; Bailey v. U. S. (C. C. A. Ariz.) 13 F. (2d) 325, 327; Patterson v. Southern Railway Co., 41 Ga. App. 94." 7 C. J. S. 928, § 104. "The plaintiff in error was employed as an attorney to collect certain claims against the government; he had undoubted authority to receive payment in cash or money, and having received instead a check payable to his client, under the great weight of authority he had implied authority to indorse and cash the check." Bailey v. U. S., supra. As to the existence of the right of an attorney to indorse the name of his client by himself as attorney upon a check given the attorney by the debtor in settlement of his client's claim, and made payable to the client, see National Bank v. Old Town Bank, 112 Fed. 726; In re Brasher, 275 Fed. 481; Harbach v. Colvin, 73 Iowa, 638 (35 N. W. 663); National Fire Ins. Co. v. Equitable Building & Loan Asso., 88 N. Y. 863; Holiday v. Thomas, 90 Ind. 398; Black v. Drake, 2 Colo. 330; Wiley v. Mahood, 10 W. Va. 223. But under the facts in Citizens & Southern National Bank v. Davis, 54 Ga. App. 836 (188 S. E. 589), it was held that the bank would be liable where the bank paid a check drawn by the debtor to the client as payee and indorsed by the attorney, in the name of the client, by himself acting in his private capacity, and where the attorney had specific instructions from the client "that the attorney was to receive from the debtor a check payable to the order of" the client, "have it certified by the drawee bank, and then forward it to him." The court said: "The person purporting to indorse the check in the name of the payee creditor did not assume to act for him and on his behalf as attorney, but merely signed the name of the creditor by his own name. Since it appears that the attorney was specifi-

cally prohibited by the creditor from indorsing the check, and since he did not purport or assume to do so in his capacity as attorney, the indorsement of the name of the client followed merely by the personal signature of the attorney would not operate to bind the client, even though it should be assumed that a collecting attorney ordinarily has authority, as such, to indorse a check made payable to the order of his client, and even though the bank, which had no knowledge that the person indorsing the client's name was his attorney, also had no knowledge in cashing the check of any private instructions to the attorney prohibiting such an indorsement."

Moreover, an attorney having an interest in the collection in the nature of a commission for services in effectuating the collection, has authority to indorse the name of his client to whom the check is made payable, by himself as attorney, in order that he may deduct the commission fees before remittance of the collection to the client. "If the agent is authorized to remit the amount in changed form, as where he is to deduct his commission, he would ordinarily be authorized to indorse the principal's name for the purpose of obtaining the bank draft or other thing which he is to remit to his principal." 1 Restatement of the Law, 172, § 72-e. The attorneys in the case at bar, having authority to indorse the client's name on the check, by themselves as attorneys, had also the right to deposit the proceeds from the check either to their personal account or to their account as attorneys. "If an attorney has authority to indorse a check payable to his client, he has apparent authority to deposit the proceeds thereof either in his individual account or his account as attorney." Charleston Paint Co. v. Exchange Banking & Trust Co., 129 S. C. 290 (123 S. E. 830). Under the facts in the instant case the action of the attorneys did not constitute the crime of forgery. There can be no forgery where the attorneys have authority to indorse the name of their client on a check payable to the client, by themselves as attorneys. "Attorney employed to collect claim against United States has implied authority to indorse client's name on draft received in payment, and such indorsement is not forgery." Bailey v. United States, 13 Fed. 2d, 325. The attorneys in this case having the right to indorse the name of their client, the bank was within its right and authority when it cashed or paid

the check by deposit to the credit of the attorneys making the collection, and would not be liable to the client to whom the attorneys may have defaulted in remittance of the proceeds arising from the collection.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*