36737. HASTY, by Next Friend *v.* GRIMES, Sheriff.

DECIDED JUNE 17, 1957—REHEARING DENIED JUNE 28, 1957.

148

*Hugh G. Head, Jr.*, for plaintiff in error.

*Harold Sheats*, contra.

GARDNER, P. J. The sole question for this court to determine is whether or not the trial court erred in denying the rule absolute and discharging Sheriff Grimes. Counsel for the plaintiff call our attention to Code §§ 24-206 and 9-606. Code § 24-206 reads as follows: "If any sheriff, coroner, justice of the peace, constable, clerk of the superior court, or attorney at law shall fail, upon application, to pay to the proper person or his attorney any money he may have in his hands, which he may have collected by virtue of his office, the party entitled thereto or his attorney

may serve said officer with a written demand for the same; and if not then paid, for such neglect or refusal the said officer shall be compelled to pay at the rate of 20 percent per annum upon the sum he has in his hands, from the date of such demand, unless good cause is shown to the contrary." Code § 9-606 reads: "Without special authority, attorneys cannot receive anything in discharge of a client's claim but the full amount in cash." Counsel call our attention to *Patterson* v. *Childs*, 9 *Ga. App.* 646 (1) (72 S. E. 45) where it is held, " 'Payment of money due to the creditor or his authorized or general agent, or one whom the creditor accredits as agent though he may not be so, or to his partner interested with him in the money, shall be good; and if such agent receives property other than money as money, the creditor is bound thereby.' Civil Code (1910), § 4311; *McLaughlin* v. *Blount*, 61 *Ga.* 168; *Holmes* v. *Langston*, 110 *Ga.* 861 (6) (36 S. E. 251). The rule is different as to attorneys at law; they cannot, without special authority, receive anything in discharge of the client's claim but the full amount in cash. Civil Code (1910), § 4956." Counsel also cites *John Bean Mfg. Co.* v. *Citizens Bank of Gainesville*, 60 *Ga. App.* 615 (4 S. E. 2d 924). It will be noted from the Code sections and the appellate court decisions called to our attention by counsel for the plaintiff that those authorities have no bearing on the case at bar for the reason that no minor was involved in any authority cited. Where minors are involved the germane purpose of the proceeding is to protect the interest of the minor. In *Nicholson* v. *Wilborn & McWhorter*, 13 *Ga.* 467, it was held that an infant is not bound by the appearance of his attorney. He must appear by next friend or guardian. In that case the Supreme Court said: "Generally, an infant cannot appear by attorney, but must appear by a *guardian ad litem*, appointed for that purpose by the court, and the appointment of a *guardian ad litem*, is a power incident to all courts.

"Where suit is instituted against Baron and Feme, the wife being an infant, she must appear by guardian in all cases; where she has a separate estate, or where, on any other account, her defence may be distinct from that of her husband.

"A rule or order for the admission of a guardian *ad litem*, must

usually be applied for by the minor, before pleading, and a copy of the order appointing him, ought to be annexed to the plea, or recited in it. But, if the minor has appeared by attorney, upon, at any time, ascertaining that the defendant is a minor, the plaintiff may move to strike out the appearance by attorney, and for the appointment of a guardian *ad litem;* and if the defendant fails, within a time limited by the court, to name a guardian, the plaintiff will be at liberty to name one; and he will, thereupon, be appointed. And similar proceedings may be had where the minor has failed to appear at all.

"If an infant appear by attorney, it is error in fact, and a judgment entered against him on such appearance will be revoked upon writ of error, *coram nobis.*" In *Betts* v. *Hancock,* 27 *Ga. App.* 63, 65 (107 S. E. 377) this court said: "No part of the money received by the attorneys of record or by the prochein ami, and 'no property which is purchased with such consideration,' ever having been turned over to the minor, and no such money or property having been received by him and retained after reaching his majority, he is not estopped from pursuing his rights under the execution. . ."

Payment by Sheriff Grimes to counsel would not protect the sheriff. It follows that if he is not protected in paying out the money, he cannot be compelled to make the payment of the money.

*Judgment affirmed. Carlisle, J., concurs. Townsend, J., concurs specially.*

TOWNSEND, J., concurring specially. I am not inclined to agree with the implication contained in this decision that where, in satisfaction of a judgment, the defendant has paid the full amount into court, and the sheriff receiving the money has paid it over to the authorized attorney of the minor plaintiff's next friend who has been bonded, such payment would not protect the defendant in a subsequent action by the minor on reaching majority and alleging that neither he nor his next friend had ever in fact received the money. I think that the defendant would be protected under such circumstances, and that the cases cited in the opinion are not authority for a contrary conclusion.

Neither do I agree with the contention of the attorney in

this money rule that the provisions of Code § 9-606 as follows: "Without special authority, attorneys cannot receive anything in discharge of a client's claim but the full amount in cash" refer to matters transpiring *in court*. This Code section, according to judicial interpretation thereof, has always referred to transactions between the attorney for one party with the *opposite party*. The words "special authority" refer to authority granted the attorney by his client. I think that where the attorney is dealing with the court of which he is an officer, his authority to receive a check for money in the possession of the court and signed by another officer of the court should be presumed unless the contrary is shown. Accordingly, I do not think this Code section *prevents* the sheriff from insisting, if only as a matter of record, and for the protection of himself and his court, that his payments of court trust funds held by him be by check.

But, to reach the heart of the case, the sheriff is liable to be ruled, if at all, under the provisions of Code § 24-206 which provides for liability if he shall fail, on application, "to pay to the proper person or his attorney any money he may have in his hands." The sheriff has not refused in this case to pay the money "to the proper person *or* his attorney." He has offered the cash to the "party" (in this case the bonded next friend of the minor plaintiff) and he has offered the check to the attorney. The record therefore shows no such failure to pay as would subject the sheriff to rule.