## 28379. GROOVER v. PETERS.

JORDAN, Justice. This is an appeal from a ruling in Fulton Superior Court ordering C. W. Groover to deliver up an original deed to secure debt, to Erich Peters in order that it might be marked satisfied and therefore canceled as a cloud upon Peters' title.

On August 1, 1964, Peters, appellee here, executed a note and deed to secure debt on property owned by him to Ralph Norwood for consideration of $1,000, payable on or before July 1, 1965. Nine days later Norwood made a written transfer and assignment of said note and deed to appellant "for value received." On June 11, 1965, prior to the due date, appellee paid Norwood $800, and received a settlement receipt upon which was written "Note in full on above addressed property." Appellant, Groover, had no notice of the payment by appellee. On November 23, 1966, appellant filed the assignment and deed to secure debt for record. Due to conflicting contentions as to when appellee

received actual notice of the assignment the parties stipulated that it was not before the date of filing, November 23, 1966, and not after August of 1968, when appellee claims he received actual notice. Norwood made two payments to appellant on the indebtedness totaling $250, and appellant claims he is entitled to the other $750 before delivering up the deed. The trial court found that the $800 payment to Norwood was valid as against appellant and ruled accordingly. It is from this ruling that appellant appeals. *Held:*

The maker of a negotiable note and security deed must determine at the time of payment whether the payee is the holder of the instrument or the authorized agent of the holder in order to protect himself against liability for double payment. If the original grantee has assigned the instrument to another, who is a holder in due course, the burden rests with the maker to determine same and pay only the holder or his authorized agent. See *Wilcox, Gibbs & Co. v. Aultman,* 64 Ga. 544 (37 AR 92); *Walton Guano Co. v. McCall,* 111 Ga. 114 (36 SE 469); *Bank of the University v. Tuck,* 96 Ga. 456, 465 (23 SE 467). There is no evidence in the record which even indicates that Norwood was the agent of the appellant.

The long and short of the matter is that the borrower must be as careful in repaying the debt as the lender presumptively was in making the loan.

*Judgment reversed. All the Justices concur.*

Submitted October 23, 1973 — Decided November 29, 1973 — Rehearing denied December 17, 1973.

*Preston L. Holland,* for appellant.
*Richard V. Karlberg, Jr.,* for appellee.