A94A0931. TITUS v. COMMERCIAL BANK, DOUGLASVILLE, GEORGIA.
(448 SE2d 753)

BIRDSONG, Presiding Judge.

Tammy Titus appeals from the grant of summary judgment to Commercial Bank, Douglasville, Georgia, on her claim against the bank for money deposited in her attorney's account. Titus sued the bank after her attorney Thomas A. Jenkins deposited a check made payable to Titus and the attorney in his trust account with the bank even though Titus did not endorse the check. Subsequently, the attorney absconded with the funds.

The record shows Titus, pursuant to a contingency fee agreement, retained Jenkins to represent her in a tort claim. The record, however, does not show that the bank had any knowledge of this. The agreement specified the fee that Jenkins would charge and also covered the usual matters such as Titus' obligation to pay for costs and expenses. Further, although the contingency fee agreement with Jenkins initially contained a provision giving him authority to endorse and deposit checks made out to Titus in his trust account, Titus struck this provision from the agreement. Later, Jenkins settled the claim without Titus' approval and received a check from the other parties' liability carrier made payable to Titus and Jenkins. Jenkins deposited this check in his trust account with the bank after apparently having endorsed the check in handwriting as follows: "Tammy Titus [some illegible notation], P. O. Box 44446 Atl. GA 30 [illegible numbers], Thomas A. Jenkins."

At some point Jenkins withdrew the funds from the bank and did not pay Titus. After learning of this, Titus sued the alleged tortfeasors, but the court held that the settlement agreement negotiated by Jenkins on behalf of Titus was enforceable against her. Thereafter,

Titus made a demand upon the bank, and the bank denied liability. Titus then sued the bank under OCGA § 11-3-419 seeking payment of the full amount of the check, interest from the date of her demand, expenses of litigation, and attorney fees. Ultimately, the trial court granted the bank's motion for summary judgment based upon an attorney's inherent authority to endorse checks made payable to a client and deposit those checks in the attorney's trust account. The only issue on appeal is whether the trial court correctly ruled that Titus could not recover from the bank. *Held*:

Although this case concerns a check that was not endorsed by one of the payees, this is not a case involving a forged endorsement. " ' "As a general rule an attorney can endorse his client's name to negotiable instruments payable to the order of his client only when he has been expressly authorized to do so. . . . However, the power to make an endorsement has been implied where it is a mere matter of form to enable the attorney to effect the purpose for which he was employed by the client. . . ." Moreover, an attorney having an interest in the collection in the nature of a commission for services in effectuating the collection, has authority to endorse the name of his client to whom the check is made payable, by himself as attorney, in order that he may deduct the commission fees before remittance of the collection to the client. . . . There can be no forgery where the attorneys have authority to endorse the name of their client on a check payable to the client, by themselves as attorneys.' *John Bean Mfg. Co. v. Citizens Bank*, 60 Ga. App. 615, 617-18, 619 (4 SE2d 924) (1939)." *Pope v. State*, 179 Ga. App. 739, 741 (347 SE2d 703). See also *Trust Co. Bank v. Henderson*, 185 Ga. App. 367, 368-369 (364 SE2d 289). Accordingly, Titus' claim against the bank based upon a bank's liability for paying because of a forged endorsement is without merit.

The only question presented in this appeal is whether Jenkins had apparent authority to endorse the check. Because the record shows that Jenkins endorsed the check in his capacity as Titus' attorney, this question must also be answered in the affirmative.

Examination of the check in the record shows that the front of the check contains the statement that "THIS DRAFT ISSUED FOR FINAL PAYMENT FOR BODILY INJURY FOR TAMMY TITUS" and is made payable to: "TAMMY TITUS, ATTY THOMAS JENKINS, POST OFFICE BOX 44446, ATLANTA, GEORGIA 30336." As shown above, Jenkins endorsed the check as Titus' attorney and deposited the check in his trust account. Under *John Bean Mfg. Co.*, Jenkins had authority to deposit the check in this fashion, and the bank is not liable for depositing the check in Jenkins' account. "If an attorney has authority to indorse a check payable to his client, he has apparent authority to deposit the proceeds thereof either in his individual account or his account as attorney." Id. at 619. Therefore, "the

bank was within its right and authority when it cashed or paid the check by deposit to the credit of the attorneys making the collection, and would not be liable to the client to whom the attorneys may have defaulted in remittance of the proceeds arising from the collection." Id. at 619-620.

Although Titus contends that *John Bean Mfg. Co. v. Citizens Bank of Gainesville,* supra, is no longer valid precedent because it was decided prior to the enactment of the Uniform Commercial Code, we find no support for this contention. Application of OCGA § 11-3-419 does not require a different result since the attorney had authority to endorse and deposit the check under Georgia law.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED SEPTEMBER 16, 1994.

*Gibson, Deal & Fletcher, John W. Gibson,* for appellant.
*Howe & Dettmering, W. O'Neal Dettmering, Jr.,* for appellee.

