### S96A0066. SKOTT v. BANK OF AMERICA ILLINOIS et al.
(468 SE2d 359)

HINES, Justice.

This is an appeal from a judgment declaring rights of title to real property and permanently enjoining an attempted foreclosure on the property.

Juan C. and Suzette Williams purchased residential property in DeKalb County, Georgia on June 11, 1993. To effectuate the purchase, they obtained a loan in the original principal amount of $99,000 from Modern Mortgage & Investors Corporation (Modern Mortgage). The installment note evidencing this debt provided for a "balloon" payment on June 11, 1994 and required payments to be made to Modern Mortgage "as servicing agent." A deed to secure debt dated June 11, 1993 conveying the property was recorded on June 14, 1993, in Deed Book 7701, p. 309.

A separate document dated October 11, 1993 entitled "Transfer and Assignment" executed by Modern Mortgage was recorded on October 27, 1993. It purports to transfer and assign to Myron Skott a deed to secure debt and the note which it secures from the Williams to Modern Mortgage "which has been filed of record in Deed Book 7701, page 301." It does not further identify the purported assigned deed in any manner, either by date, amount of indebtedness or legal description of the land. Prior to a letter from Skott's attorney dated February 17, 1995, neither Skott nor Modern Mortgage notified the Williams of any assignment and the Williams continued to make the required monthly payments to Modern Mortgage.

Prior to the "balloon" payment coming due, Modern Mortgage sent the Williams a letter offering to extend the note to 15 years because of the Williams' "excellent payment history." There was no mention of the assignment to Skott. The Williams decided to refinance their loan with EquiCredit Corporation of Georgia (EquiCredit) for the sum of $111,500. After obtaining information on the status of the original loan from Modern Mortgage, EquiCredit issued a check payable to Modern Mortgage for the full amount owed under the loan on March 15, 1994. Modern Mortgage accepted payment and made no mention of the assignment. The Williams executed a security deed in favor of EquiCredit, which was recorded on April 1, 1994.[1]

---

[1] Subsequent to the closing of the refinance, the EquiCredit security deed was assigned

Eleven months after the refinance, the Williams received a letter dated February 17, 1995 from Skott's counsel informing them of the Modern Mortgage assignment to Skott on October 11, 1993, and notifying them that the indebtedness allegedly due under the Modern Mortgage loan was being accelerated, with the balance immediately due and payable. The letter further stated: "You have previously been making payments on this loan to Modern Mortgage and Investors Corporation as servicing agent for Myron Skott. The servicing agreement has been terminated, and no future payments should be sent by you to Modern Mortgage And Investors Corporation."

On February 21, 1995, Skott attempted to re-record the original transfer and assignment. He typed on the face of the document that it was being re-recorded to evidence the correct page cite of the Modern Mortgage security deed transferred and assigned. Thereafter, Skott sought to foreclose on the Williams' property. The Williams filed a complaint seeking injunctive relief. The superior court permanently enjoined Skott from foreclosing on the Williams' property and found that the assignment as re-recorded was improper and did not suffice to correct the erroneous information contained in the original assignment; that Skott did not have a valid security interest in the property; that Modern Mortgage, as the authorized agent of Skott, had the actual and apparent authority to receive payments under the original loan, including the payoff check; and that even if Skott had a valid security interest in the property by virtue of the assignment, such interest was satisfied by the payment in full to Modern Mortgage. Skott appeals, challenging the superior court's findings and the issuance of the permanent injunction.

1. There is ample evidence to support the superior court's finding that Modern Mortgage was authorized to receive the loan payments, including the payoff check. Compare *Groover v. Peters*, 231 Ga. 531 (202 SE2d 413) (1973). Skott failed to inform the Williams of the assignment and admitted that he authorized Modern Mortgage to collect payments as the servicing agent under the Williams' loan. Moreover, there was no evidence of any limitation on that authority.

In any event,

> [w]here a principal has "placed an agent in such a situation that a person of ordinary prudence conversant with business usages and the nature of that particular business is justified in assuming that such agent has authority to perform a particular act and deals with the agent upon that assumption,

---

to EquiCredit Corporation of America on July 20, 1994, and then to Continental Bank, National Association, now known as Bank of America, on July 22, 1994. Bank of America Illinois currently holds the security deed.

". . . [a principal] will not be permitted to prove that the agent's authority was, in fact, less extensive than that with which he apparently was clothed. This rule is based upon the principle that where one of two innocent parties must suffer from the wrongful act of another, the loss should fall upon the one who, by his conduct, created the circumstances which enabled the third party to perpetrate the wrong and cause the loss."

*Commercial Credit Corp. v. Noles*, 85 Ga. App. 392, 396 (69 SE2d 309) (1952) citing, 2 AmJur 86, 88, Agency, § 104. See also *Addley v. Beizer*, 205 Ga. App. 714 (1) (423 SE2d 398) (1992); *Frontier Contracting Co. v. L. S. R.*, 174 Ga. App. 478, 479 (1) (330 SE2d 414) (1985).

Here, the Williams' obligation to Skott was discharged by the payment in full to Modern Mortgage. OCGA § 13-4-40. Therefore, the superior court correctly determined that Skott had no further interest in the Williams' property and that he should be barred from any attempt at foreclosure.

2. The decision in Division 1 makes it unnecessary to address the remaining contentions of error.

*Judgment affirmed. All the Justices concur.*

FLETCHER, Presiding Justice, concurring.

While I concur fully in the majority opinion, I write separately to suggest another possible basis for affirming the trial court.

The record demonstrates that Skott considered the promissory note executed by the Williams to Modern Mortgage to be a negotiable instrument within the meaning of Georgia's Uniform Commercial Code.[2] If it is a negotiable instrument, then under OCGA § 11-3-603 (3), the Williams, as makers, were authorized as a matter of law to pay Modern Mortgage until Skott, as the assignee, notified them by registered or certified mail of the assignment and that payment was to be made to Skott. Furthermore, because of the agency relationship between Modern Mortgage and Skott, the Williams' payment to Modern Mortgage discharged their liability on the note pursuant to OCGA § 11-3-603 (1). Therefore, the Williams were never in default under the promissory note and Skott was not authorized to seek foreclosure under the security deed.

I am authorized to state that Justice Carley joins in this concurrence.

---

[2] OCGA § 11-1-101 et seq.

DECIDED APRIL 8, 1996.

*William H. Arroyo,* for appellant.
*Morris, Manning & Martin, Joseph R. Manning, Ann R. Schildhammer, James C. West III,* for appellees.