# Court of Appeals
# of the State of Georgia

ATLANTA,   August 24, 2016   

*The Court of Appeals hereby passes the following order:*

**A17D0004. RICKY STEVEN HELTON v. THE STATE.**

Ricky Steven Helton was found guilty of child molestation and aggravated sexual battery, and we affirmed his convictions on appeal. *Helton v. State*, 268 Ga. App. 430 (602 SE2d 198) (2004). Helton later filed a "Motion to Vacate or Correct Illegal Sentence," which the trial court dismissed. Helton then filed an application for discretionary appeal in the Supreme Court, which transferred the matter here.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Any appeal from an order denying or dismissing such a motion must be dismissed. See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). An appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper*, 286 Ga. at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Although Helton's motion was styled as one to correct a void sentence, substance controls over nomenclature in considering pleadings. See *Roberts*, 286 Ga. at 532. The trial court characterized Helton's motion as one "to vacate his conviction

asserting that there were errors at trial." As Helton has neither included a copy of the motion in his application materials nor described the substance of the motion in his application brief, we accept the trial court's characterization. And as Helton was not authorized to challenge his conviction in this manner, the trial court properly dismissed his motion. See *Roberts*, 266 Ga. 532. We must, in turn, dismiss this application. See id. Accordingly, this application is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*_____08/24/2016_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*